## PEOPLE *ex rel.* BURNS *et al. v.* BLOEDEL.

### (*Superior Court of Buffalo, General Term.* December 30, 1891.)

1. ADOPTION—PROCEDURE—CONSENT BEFORE COUNTY JUDGE.
   Where the order in adoption proceedings recites that the adopted parents "this day appeared before the undersigned, county judge * * *, and signed the necessary consent," it sufficiently shows compliance with Laws 1873, c. 830, which provides that the person adopting a child shall, in the presence of the county judge, sign the consent to such adoption; the statute not requiring the county judge to witness the signature to the consent.
2. SAME—WHO MAY TAKE ADVANTAGE OF IRREGULARITIES.
   On *habeas corpus* by the mother of an adopted child to recover the child from its adopted parents, the failure of the county judge to witness the consent of the adopted parents is not available to the mother, where her consent was witnessed by the county judge.
3. EVIDENCE—JUDICIAL NOTICE—GEOGRAPHICAL FACTS.
   The superior court of Buffalo will take judicial notice that the city of Buffalo is in Erie county, and of who is county judge.
   4 N. Y. Supp. 110, affirmed.

Appeal from special term.

*Habeas corpus* by the people *ex rel.* James Burns and another against Jacob Bloedel to test the regularity of adoption proceedings. Defendant's demurrer was sustained, and relators appeal. Affirmed.

Argued before BECKWITH, C. J., and TITUS, J.

*Mr. Cuddeback,* for appellants.   *Mr. Brendel,* for respondent.

PER CURIAM.   This appeal presents questions arising on the sufficiency of the proceedings taken by the county judge for the adoption of the bastard child of Annie Burns adopted by the respondent, under chapter 830 of the Laws of 1873.   On the 11th day of April, 1883, the relator Annie Burns, by name of Annie Fondry, appeared before the county judge, and consented in

writing that said child might be adopted by Jacob Bloedel, and the same was witnessed and acknowledged by William W. Hammond, who subscribes himself county judge of Erie county.   On the same day Jacob Bloedel and Nancy A. Bloedel, his wife, each consented in writing to the adoption of said child, and said Jacob Bloedel entered into an agreement under seal, as provided by chapter 830 of the Laws of 1873, that said child should be treated in all respects as his own lawful child.   Thereupon, and on the same day, the county judge made an order reciting the proceedings, and directing that the said child "should thereafter be treated in all respects as the child of Jacob Bloedel and wife, and shall hereafter be known and called by the name of Henry George Bloedel."   This order was signed by William W. Hammond, as county judge of Erie county, and attested by J. E. Ewell, clerk.   The relators instituted proceedings by *habeas corpus* to recover the child from the respondent, who in his return to the writ set up the proceedings had before the county judge, and claimed the child by virtue thereof.   The relators demurred to said return, and the judge at special term held the papers sufficient.   The relators now claim that the record does not show that Bloedel, the person adopting the child, resided in the county of Erie, the county of the official before whom he appeared.   We think that fact does sufficiently appear. The agreement of Jacob Bloedel states that he is "of the city of Buffalo," and the court will take notice that the city of Buffalo is in the county of Erie, and that William W. Hammond was at the time county judge of said county. He further claims that the record does not show that Jacob Bloedel and Nancy Ann Bloedel signed the consent of adoption, or agreement to adopt, in the presence of the county judge.   We do not think it is necessary, under the statute, that the county judge should sign the consent of the parties adopting the child; but, if it is done before him, it will be sufficient compliance with the statute.   The order made by the county judge recites that the "child and Jacob Bloedel and Nancy A. Bloedel, his wife, having this day appeared before the undersigned county judge of Erie county, and the parties having signed the necessary consent," etc., we think this shows, what the statute requires to be shown, that the wife appeared before the county judge, and signed the consent; and the fact that the judge does not witness the signature by subscribing his name thereunder is cured and sufficiently attested by the recitation in the order which is signed by him.   Especially is this so in view of the fact that there is nothing in the statute requiring the county judge to witness by his signature the consent of the parties adopting the child.   We are also of the opinion, upon the authority of *People* v. *Weissenbach*, 60 N. Y. 385, that the omission of the county judge to sign the certificate of Bloedel cannot be availed of by relator, she having given her consent, which the county judge did witness by his signature.   The order appealed from should be affirmed, with $10 costs and disbursements.