JASPER L. FISKE *vs.* JULIA V. PRATT & others.
ANNE W. TUCKER & others *vs.* JASPER L. FISKE.

Middlesex.    June 7, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Adoption — Probate of Will — Appeals by Next of Kin — Issues to Jury —*
*Fraud — Unsoundness of Mind — Undue Influence.*

A single woman, having adopted a son by a decree of the Probate Court, died five
years thereafter, leaving a will in which she gave him her entire estate. The will
was proved in the Probate Court, and the next of kin appealed to this court.
Thereupon the latter presented to the judge of the Probate Court a petition
praying that the decree of adoption be revoked and set aside, on the ground of
unsoundness of mind of the adopting parent, and of undue influence practised
by, and fraud of, the adopted son. The petition was dismissed, and an appeal
also taken to this court. The appellants moved in this court to have issues in
both cases framed for a jury ; in the adoption case, on the grounds of unsound-
ness of mind and undue influence at the time of the proceedings in the Probate
Court and thenceforward until the adopting parent's death, of fraud upon the
judge of probate, and of the petitioner's ignorance of the facts till after the
adopting parent's death ; and in the will case, on the grounds of her unsoundness
of mind at the time of her execution of the alleged will and of the undue influ-
ence practised upon her by her adopted son. *Held,* that the decision of a single
justice, refusing to frame issues for the jury in either case, was right.

ALLEN, J.    These causes came up before a single justice on a
motion filed by the appellants in each case to have issues framed
for the jury.    The causes arose in this way.    On July 15, 1884,
Eliza Jane Fiske, a single woman, presented to the judge of the
Probate Court for Middlesex County her petition praying for
leave to adopt as her son Jasper Leon Blake, and that his name
might be changed to Jasper Leon Fiske.    He was over twenty-
one years of age, and his consent was indorsed upon the petition.
On the same day a decree was entered, granting both prayers.

On October 10, 1889, she died, leaving a will, in which it is
said that her property was given to said Jasper, and he was
appointed executor.    On December 17, 1889, this will was ad-
mitted to probate in the Probate Court, after hearing objections
urged against it by her next of kin; and they duly entered an
appeal to this court.

On January 2, 1890, her next of kin presented to the judge
of the Probate Court a petition, setting forth that at the

time of the petition for and decree of adoption Eliza Jane Fiske was of unsound mind and under the undue influence of said Jasper, and that she so remained until her death; that the decree of adoption was obtained by said Jasper in fraud of the judge of the Probate Court, of said Eliza, and of the petitioners; and that her unsoundness of mind and the undue influence of Jasper were concealed from the judge; and praying that the decree be revoked and set aside. On the 28th of January, 1890, this petition was dismissed by the judge of the Probate Court, the allegations thereof not having been sustained; and an appeal to this court was duly filed.

Both appeals being in this court, the appellants moved to have issues in both cases framed for a jury. In the adoption case the issues asked for related to the alleged unsoundness of mind of Eliza Jane Fiske at the time of the proceedings in the Probate Court, and thenceforward until her death; to the existence of undue influence during the same period; and to the alleged fraud upon the judge of the Probate Court. There was also a further issue requested, as to the petitioner's ignorance of the facts till after the death of said Eliza.

In the will case, the issues finally asked for related to her soundness of mind at the time of the execution of her alleged will, and to the charge that the execution of it was obtained by the undue influence of said Jasper.

The single justice having declined to frame issues for the jury in the adoption case, or, at this stage, in the will case, reported the questions in both cases to the full court.

Unless the decree of adoption is annulled, it is obvious that the appellants, as next of kin, are not entitled to be heard in the will case, because under the statutes Jasper, as adopted son, would in the absence of a will inherit all of her property. Pub. Sts. c. 148, § 7. *Buckley* v. *Frasier*, 153 Mass. 525. *Delano* v. *Bruerton*, 148 Mass. 619. *Wyeth* v. *Stone*, 144 Mass. 441.

It is also quite clear that, if the adoption case stood alone, there would be slight reason for submitting the issues asked for to a jury. When the petition for adoption was before the Probate Court in 1884, the next of kin of Eliza were not entitled to be heard thereon. They had no vested rights to succeed to her property after her death. *Sewall* v. *Roberts*, 115 Mass. 262, 278.

*Tucker* v. *Fisk*, 154 Mass. 574. No application made by them at that time for a jury could have been listened to, nor had they a right of appeal. But Eliza having died, we have held heretofore that her next of kin may now be heard upon their petition setting forth that the decree of adoption was procured by fraud practised upon the judge of the Probate Court. That decree cannot be set aside merely upon proof that the judge came to a wrong conclusion. It must be shown that the fraud was practised upon him. Until that is shown, the decree stands. *Tucker* v. *Fisk, ubi supra. Edson* v. *Edson,* 108 Mass. 590.

Now it is conceded that the question whether the decree of the judge of the Probate Court was obtained by fraud practised upon him is not under the circumstances a proper question for the jury; but the appellants urge that the questions of soundness of mind and of undue influence should be submitted to the jury, and that the findings of the jury should then be considered in determining whether fraud was practised on the judge of the Probate Court; and this is pressed with more earnestness because it is said the issues in the will case are substantially the same, and that the two cases should be tried together.

It seems to us, however, that before the will case is tried it should be determined upon a trial before the court alone whether there are any contestants of the will who are entitled to be heard. The petition to annul the decree of adoption should be prosecuted to a decision. The findings of a jury upon the issues proposed, even if favorable to the appellants, would not settle the question whether the decree should be annulled. The court would still have that question to determine. Although upon such evidence as might now be presented it might at this time be found that she was insane and also under undue influence at the time of the entry of the decree of adoption, it would not follow as a legal consequence that the judge of the Probate Court was imposed upon in 1884. And if the issues in the two cases should be submitted to the same jury, and if verdicts should be returned in favor of the appellants, and if afterwards it should be found by the court that no fraud was practised upon the judge of the Probate Court, the curious result would appear that parties not entitled to be heard in the will case would have succeeded in obtaining a verdict showing that the will should be declared invalid.

Moreover the questions of unsoundness of mind and of undue influence would not be the same in the two cases. They would relate to different dates. The woman might have been of sound mind and free from undue influence, sufficiently for one of the transactions, without being so for the other. The appellants are anxious to try the will case, and have the issues submitted to a jury, before a determination whether the decree of adoption was or was not obtained by fraud. But as the matter now stands they are not entitled to be heard in that case. If the decree of adoption should be annulled, and the right of the appellants to appear be established, the motion to frame issues in the will case may be renewed.

In our opinion, the decision of the single justice, refusing to frame issues for the jury in either case, was right.

*Issues refused.*

*M. Storey*, for the appellants.
*G. L. Mayberry*, for Fiske.