NATHANIEL McKAY *vs.* WILLIAM L. KEAN.
SAME *vs.* ELIZA J. KEAN.

Suffolk. December 1, 1896. — February 24, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Discretion of Single Justice — Issues to Jury — Probate Appeal — Adoption.*

The order of a single justice, denying in his discretion a motion to frame issues for a jury in the case of an appeal from the decree of a Probate Court which relates to a former decree of that court, fixing the status of two persons as respectively a son and a daughter of another by adoption, will not be reversed, if the discretion was rightly exercised.

APPEALS from decrees of the judge of probate refusing to revoke decrees of adoption of the respondents by one Lauchlan McKay, a brother of the petitioner. At the hearing before *Morton*, J., it appeared that Lauchlan McKay died on April 3, 1895, leaving a will by which all his property was devised to the two adopted children, the respondents, and that he left no parents, no wife, and no child other than these adopted children.

The cases came up on motions to frame issues for a jury. It was proposed by the counsel for the respondents, and agreed to by both sides, that no evidence in the cases should be introduced, the respondents conceding that the petitioner had such evidence on the questions of unsoundness of mind and undue influence and fraud, that the court would frame issues for a jury on those questions if the cases were contests over the validity of a will. The question was argued by counsel as to whether issues should be granted in cases of the nature of those at bar.

In the exercise of his discretion, the judge denied the motions for any of the issues asked for, and filed the following reasons therefor:

" The respondents concede the power of the court to order issues. The question, then, is whether it would be in accordance with the practice and usage of the court to frame them. Issues were refused in the only case in this State where the question has come before the full court, *Fiske* v. *Pratt*, 157 Mass. 83; and while the question whether issues should be framed in an adoption case is perhaps not completely foreclosed by that decision, it seems to me that the reasoning of the court is clearly against the framing of issues. Much the same ground was taken by the appellant in that case as is taken by the appellant here. But the court held that the questions relating to the adoption 'should be determined upon a trial before the court alone.'

" In the case of a will, the question is whether fraud was committed upon the testator. In the case of a decree of adoption, the question is whether fraud was committed upon the court; and it seems to me, in the nature of things, that that can be determined more satisfactorily by the court than by a jury. Counsel for appellants admitted that they were unable to produce a case, except that of a will, in which probate matters had been tried before a jury. I think, in view of the decision in *Fiske* v. *Pratt*, and the practice, no sufficient reason is shown for the framing of issues."

From this decision the petitioner appealed, and at his request, and with the consent of the respondents, the judge reported the question for the determination of the full court.

*G. F. Hoar & C. R. Clapp*, (*A. Hemenway* with them,) for the petitioner.

*F. N. Nay*, (*R. M. Morse* with him,) for the respondents.

KNOWLTON, J. The only question before us in these cases is whether the order of the single justice, denying in his discretion the motion to frame issues for a jury, should be reversed. The cases are appeals from decrees of the Probate Court which relate to former decrees of that court, fixing the status of two persons as respectively a son and a daughter of another by adoption, and they are not suits in which the petitioner has a constitutional right to a trial by jury. *Davis* v. *Davis*, 123 Mass. 590. *Newell* v. *Homer*, 120 Mass. 277. *Ross* v. *New England Ins. Co.* 120 Mass. 113, 117. *Powers* v. *Ray-*

*mond*, 137 Mass. 483. The present cases relate merely to an extension of the ordinary jurisdiction of the Probate Court in regard to the relation of parent and child, so as to permit the creation of that relation in law by adoption, and they are not in any proper sense controversies concerning property, or suits between two or more persons.

The respondents concede that the petitioner sets forth sufficient grounds to authorize the Probate Court, or this court on appeal, to set aside the original decrees. *Edson* v. *Edson*, 108 Mass. 590. *Tucker* v. *Fisk*, 154 Mass. 574.

Whether issues for a jury should be framed for the trial of questions of fact is a matter within the discretion of the court. Appeals to the full court in suits in equity and in probate cases bring before us for revision all questions of fact as well as of law apparent on the record. It is well settled that the decision of a single justice upon a question of fact in a probate appeal or a suit in equity will not be set aside by the full court unless it is plainly wrong. *Francis* v. *Daley*, 150 Mass. 381. *Chase* v. *Hubbard*, 153 Mass. 91. *Fletcher* v. *Bartlett*, 157 Mass. 113. This principle applies in reviewing decisions on questions of discretion. It is less important in its application in a case of this kind than in the consideration of many other matters, because, in considering the framing of issues for a jury, there is comparatively little that could properly influence the decision of the single justice that cannot be made to appear on paper before an appellate court. But this court cannot ignore, nor treat as immaterial, the fact that a single justice, hearing originally everything that is presented, and usually having the parties before him, and breathing the atmosphere that surrounds the case, has reached a certain result in the exercise of his discretion. It may often happen that the expediency and propriety of framing issues for a jury will be so questionable that this court will not hold the decision of a single justice for or against it to be plainly wrong, although, if the question arose before it *de novo* it would exercise its discretion differently.

The present cases are peculiar in their nature. The petitioner asked the court to set aside two of its decrees, which have all presumptions in their favor. In these cases, as in *Edson* v. *Edson*, 108 Mass. 590, 599, there are considerations

of public policy which may well induce the court to exercise its power with great caution, and only if the rights of the parties are clear. The necessary inquiry relates ultimately, not merely to the condition or conduct of either of the persons referred to in the petitions for adoption, but to the effect of their condition or conduct upon the court in making its decrees. Like a petition for a writ of review in a civil action at law under our statutes, the application for relief is addressed to the discretion of the court. Under these statutes the ultimate question is whether justice and equity require the granting of the petition, and the decision of the judge upon it is not subject to exception. *Boston* v. *Robbins*, 116 Mass. 313. *Todd* v. *Barton*, 117 Mass. 291. *New England Accident Association* v. *Varian*, 151 Mass. 17. *Sylvester* v. *Hubley*, 157 Mass. 306. *Soper* v. *Manning*, 158 Mass. 381. This question in its very nature is one that cannot properly be submitted to a jury. The proceeding is like a motion for a new trial, which is always heard by the court without a jury, and in its origin it is merely an extension of the right to make such a motion, so as to permit the application after judgment as well as before. St. 1788, c. 11. St. 1791, c. 17. In such cases, and in cases like these at bar, there are considerations of convenience and propriety which often would be very important in favor of having the judge, who must hear and decide the ultimate question of fact involved in the exercise of his discretion, hear and determine also all preliminary questions which enter into it. Irregularity or error in the judgment or decree might often appear when the degree of it could not easily be defined by a verdict of a jury, and when, if the degree of it were known, the question how far it affected the result would be difficult of determination, and proper for the consideration of the judge alone.

In the present cases the allegations of the petitioner present certain questions like those which it has long been the usual, but not invariable, practice to submit to a jury when they arise upon the presentation of a will for probate. In St. 1817, c. 190, entitled "An Act to regulate the jurisdiction and proceedings of the Courts of Probate," in § 7, which relates to appeals to the Supreme Judicial Court, it is provided that, "when it shall appear from the reasons of appeal that the sanity of the tes-

tator, or the attestation of the witnesses in his presence, as the law directs, is the question in controversy on any will or codicil, the said Supreme Court of Probate may, for the determination thereof, direct a real or feigned issue to be tried before a jury." The right expressly given to submit these questions alone to a jury furnishes an implication that all other questions were to be heard by the judge. By the St. of 1823, c. 24, the right to frame issues in probate appeals was extended to the trial of claims of an executor against the estate, and by the Rev. Sts. c. 83, § 46, it was given in all cases in which a question of fact occurs that is proper for trial by a jury. The reasons for submitting to a jury questions in regard to the sanity of the testator, or the execution of the instrument when a will is presented for probate, are so much stronger than in any other class of probate appeals that the Legislature permitted it for many years before a jury could be called to consider any other issue. Although under the present statutes the principles that apply to the trial of questions of fact in probate appeals are substantially the same as in suits in equity, the application of these principles has changed the practice only a little from that which prevailed before the enactment of Rev. Sts. c. 83, § 46, (Pub. Sts. c. 156, § 19,) when the court had no power to frame issues in ordinary cases. Under St. 1895, c. 116, issues of fact in suits in equity and in probate appeals may now be sent to the Superior Court for trial.

It is argued for the petitioner, that, if the petitioner for adoption in the original cases was insane, the decrees are void, and that therefore the question in regard to his sanity should be submitted to a jury for an answer which would determine the whole case on each petition. The present petitioner does not propose to rest his case upon this ground alone, but relies also upon his allegations of fraud and undue influence, to which this argument does not apply. We cannot assume that the verdict upon one of the questions raised would dispose of the cases, and it would not be for the interest of the parties or for the convenience of the court to try the different questions of fact at different times and in different ways.

We cannot adopt the petitioner's contention that the decrees of adoption are necessarily void if the petitioner for adoption

were insane. If that were so, it would only be necessary, in any case where they are material, to show the fact of insanity, and they would be treated as nullities. The decrees involved an adjudication that the original petitioner was a proper person to make the petition, and to enter into the relation of parent by adoption. The ordinary presumption of sanity relieved the court from the necessity of taking testimony on this point, if no question was made about it; but the making of the decree in each case was a sufficient adjudication of everything in the condition or conduct of the original petitioner necessary to give the decree validity.

In *Fiske* v. *Pratt*, 157 Mass. 83, a case very similar to these, it was held that issues should not be framed for a jury, and in the present cases we are of opinion that no sufficient cause is shown for setting aside the order of the single justice.

*Order affirmed.*