## In re ZIEGLER.

(Supreme Court, Appellate Division, First Department.　April 3, 1914.)

1. COURTS (§ 200¼*)—JURISDICTION—SURROGATE'S COURT.
　　The Surrogate's Court is one of strictly limited statutory jurisdiction and has no general equity powers.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 476, 477; Dec. Dig. § 200¼.*]

2. ADOPTION (§ 16*)—ABROGATION—COLLATERAL ATTACK.
　　Since proceedings for the abrogation of adoption are ministerial and not judicial in character, the surrogate's order of abrogation, if insufficient under the statute, may be attacked collaterally in any proceeding.
　　[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 27, 28; Dec. Dig. § 16.*]

3. ADOPTION (§ 16*)—ABROGATION — REVOCATION — JURISDICTION OF SURROGATE'S COURT.
　　The abrogation of an adoption by the surrogate can be revoked only by a judicial proceeding in a court of equity and not by a proceeding in the Surrogate's Court.
　　[Ed. Note.—For other cases, see Adoption, Cent. Dig. §§ 27, 28; Dec. Dig. § 16.*]

Appeal from Surrogate's Court, New York County.

Petition by Florence Louise Ziegler, lately and usually known as Florence Louise Brandt, to set aside a certain proceeding for the abrogation of her adoption by William Ziegler and wife. From a decree (82 Misc. Rep. 346, 143 N. Y. Supp. 562) denying the application, petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harry Mecartney, for appellant.
John M. Bowers, of New York City, for respondent.

SCOTT, J. The matters at issue and the questions of law involved are so fully and satisfactorily dealt with in the opinion of Mr. Surrogate Fowler (82 Misc. Rep. 346, 143 N. Y. Supp. 562), which we adopt, that any further discussion at the present time is unnecessary.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1-3] We entertain some doubt, however, whether the Surrogate's Court has jurisdiction to entertain the proceeding and to grant the relief desired. That court is one of strictly limited statutory jurisdiction and has no general equity powers. The proceedings, under the statute, for the abrogation of an act of adoption, consist of an agreement executed by the parties interested, and the consent of the surrogate. They are not judicial in their character, and the surrogate in giving his consent acts in his administrative and not in his judicial capacity; nor is the consent signed by him in any sense a decree or order of the Surrogate's Court. If the attempted act of abrogation is insufficient under the statute, it may be attacked even collaterally, in any proceeding, and, if for any reason it be deemed necessary that it be revoked in a judicial proceeding, only a court of equity would have jurisdiction so to revoke it.

For this reason as well as for those so well stated by Mr. Surrogate Fowler, the order appealed from must be affirmed, with costs. All concur.

