JOHN J. STEVENS, Appellant, *v.* MARIE HALSTEAD, Individually and as Administratrix, etc., of CHARLES E. STEVENS, Deceased, Respondent.

Second Department, December 21, 1917.

**Parent and child — adoption of adult — adoption alleged to be procured by undue influence for the purpose of acquiring property — complaint stating cause in equity to annul adoption — relief should be sought in equity not in Surrogate's Court.**

Since the enactment of chapter 352 of the Laws of 1915, the adoption of a person of the age of twenty-one years and upward is permitted, and no consents save that of the person adopted and that of the foster parent are required.

As such adoption effects the devolution of property on the death of the foster parent and has the same result as a last will and testament, the courts, in determining the validity of the adoption, should apply the same tests as in the case of a testamentary act, and to that end undue influence and lack of testamentary capacity on the part of the foster parent may be shown to nullify the adoption.

The complaint in a suit in equity brought by an heir and next of kin to set aside an adoption made by his ancestor, which in substance alleges that the person adopted was a woman forty-seven years of age and was living apart from her husband in adulterous intercourse with the decedent, and that for the purpose of securing his property without the necessity of procuring the probate of a will, coerced and induced the decedent, a man infirm mentally and physically, to adopt her, states facts which allow proof of undue influence.

For a man to adopt a woman with whom he is living in adultery is against public policy, and to attempt to obtain an approval of such adoption by the surrogate is a fraud upon the court.

The heir and next of kin of such deceased foster parent may maintain a suit in equity to annul the adoption, and is not restricted to a motion before the surrogate to vacate it.

An adoption proceeding is not judicial, but merely involves the approval
   by the surrogate or the county judge of a contract between the parties.
Decisions which hold that the surrogate has jurisdiction to vacate an order
   approving and confirming an adoption are disapproved.

APPEAL by the plaintiff, John J. Stevens, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Orange on the 27th
day of February, 1917, dismissing the complaint at the open-
ing on a trial at the Orange Special Term.

*Joseph Rosch* [*Ward De Silva* with him on the brief], for
the appellant.

*John Bright* [*Alton J. Vail* with him on the brief], for the
respondent.

BLACKMAR, J.:

The complaint alleged that the plaintiff was the only heir
and next of kin of one Charles E. Stevens, who died intestate
on November 23, 1916; that the defendant, a married woman
forty-seven years of age, separated from her husband, lived
with the said decedent, who was seventy years of age and
physically and mentally infirm, ostensibly as his housekeeper
but really as his mistress; that defendant, with intent to
obtain the property of decedent by coercion, fraud and deceit,
induced decedent to adopt her as his child, which he did on
September 15, 1916; that she continued her former relations
with him for two months, when he died, and that thereafter
she applied for and obtained letters of administration upon
his estate, which was of the value of $10,000, upon the fraudu-
lent representation of her relationship created by the adoption.
Judgment is asked that the adoption and letters of admin-
istration be set aside, and for other relief.

The decision of this appeal requires the consideration of two
questions, *first*, whether, on the allegations of the complaint
plaintiff is entitled to relief; and, if so, *second*, whether such relief
should be granted in a suit in equity, or the parties remitted to
a motion to the surrogate, who made the order of adoption.

Until the enactment of chapter 352 of the Laws of 1915,
adoption was confined to minors. By that act, for the first
time in this State, adoption of a person of the age of twenty-
one years and upwards was permitted. (Dom. Rel. Law

[Consol. Laws, chap. 14; Laws of 1909, chap. 19], § 110, as amd. by Laws of 1915, chap. 352.)* In such case no consents other than that of the person to be adopted and of the foster parent are required. (Dom. Rel. Law, § 111, as amd. by Laws of 1913, chap. 569, and Laws of 1915, chap. 352.) Nothing is necessary to effect an adoption of a person over the age of twenty-one years but a contract between the foster parent and such person, and appearance before the surrogate or county judge, followed by an order of the surrogate or judge allowing and confirming such adoption, which order must be made if the surrogate or judge is satisfied that the moral and temporal interests of the person to be adopted will be promoted thereby. (Dom. Rel. Law, §§ 111, 112, 113, as amd. by Laws of 1915, chap. 352; Id. §§ 112, 113, as amd. by Laws of 916, chap. 453.) The effect of adoption is prescribed by section 114 of the Domestic Relation? Law (as amd. by Laws of 1915, chap. 352, and Laws of 1916, chap. 453). So a contract between two adults, allowed and confirmed by the surrogate without notice to or the knowledge of any other person, may be made to effect a devolution of property on the death of the foster parent, and so accomplish the same result as a valid last will and testament. In the case at bar it has had such result, and the parties so intended. The defendant, a stranger to the blood of decedent, takes his property by a proceeding which is not surrounded by the safeguards prescribed for a testamentary act. We think in such a case the courts should, in determining the validity of the adoption, apply the same tests as in case of a testamentary act. The want of testamentary capacity in the foster parent and the exercise of undue influence by the adopted person should, at the suit of the next of kin or heir at law, be sufficient to nullify the act. There are no allegations in the complaint that the decedent was of unsound mind; but we think that under the allegations of the complaint, liberally construed with a view to substantial justice, undue influence may be proved. In *Phillips* v. *Chase* (203 Mass. 556) a decree of adoption was attacked; and, under a finding of a jury that the decedent was unduly influenced in making the

---

* Since amd. by Laws of 1917, chap. 149.— [Rep

adoption by the person who claimed the decedent's estate thereunder, the adoption was nullified. It is alleged in the complaint in the case at bar that defendant, a married woman forty-seven years old, living apart from her husband, in adulterous intercourse with decedent, and for the purpose of securing his property without the necessity of procuring the probate of a will, coerced and induced decedent, a man infirm mentally and physically, to adopt her. Surely it is against public policy to admit a couple living in adultery to the relation of parent and child. This meretricious relationship, and the undue influence which imposed the will of defendant on decedent, condemn the adoption. It is not only against public policy, but it is a fraud on the surrogate to induce him to approve the relation of parent and child between an adultress and her aged and infirm paramour. If the facts alleged in the complaint are established, the adoption should be annulled.

We have also reached the conclusion that relief may be granted in this action; and do not uphold respondent's claim that a sufficient remedy exists in an application to the surrogate under section 2490 of the Code of Civil Procedure to vacate the order allowing and confirming the adoption. In *Matter of Ziegler* (161 App. Div. 589), which was an appeal from an order of the Surrogate's Court denying a motion to set aside an agreement for, and the consent of the surrogate to, the abrogation of an adoption, Mr. Justice SCOTT, writing for this court in its First Department, doubted whether the Surrogate's Court had jurisdiction to entertain the proceeding and to grant the relief desired, and said: " The surrogate in giving his consent acts in his administrative and not in his judicial capacity, nor is the consent signed by him in any sense a decree or order of the Surrogate's Court. If the attempted act of abrogation is insufficient under the statute it may be attacked even collaterally, in any proceeding, and if for any reason it be deemed necessary that it be revoked in a judicial proceeding only a court of equity would have jurisdiction so to revoke it." We perceive no difference in the nature of the act between the consent of the surrogate to the contract of abrogation given under section 116 of the Domestic Relations Law (as amd. by Laws of 1915, chap. 352), and the order allowing and confirming the adoption,

made pursuant to section 113 (as amd. by Laws of 1915, chap. 352, and Laws of 1916, chap. 453). In both cases the surrogate is required, before approving, to be satisfied that the adoption in the one case and the abrogation in the other will be for the best interests of the person adopted. In both cases he, representing the public interests in domestic relations, is approving a contract, and his approval gives it the prescribed statutory effect, in the one case creating the legal status of parent and child, and in the other terminating it. The fact that in the one case his approval is called an order, and in the other a consent, does not alter the nature and quality of the act. A proceeding for adoption under the statute is not a judicial proceeding. There are no parties, no issue between them, and no judgment determining their relative rights and duties by application of rules of law to the facts as found. The proceeding is simply a contract of adoption, which is not effective without the approval of the surrogate or a county judge. The surrogate does not pass on the validity of the contract. The only judicial determination which he makes is that the adoption will promote the moral· and temporal interests of the person to be adopted. In the case at bar the plaintiff does not seek to review the determination of this matter by the surrogate, but attacks the validity of the underlying contract on grounds of which only a court of equity can take cognizance. The suit is, therefore, properly brought in a court of equity, and it was so held by this court in *Matter of McDevitt* (176 App. Div. 418). This point was neither raised nor passed upon in *Matter of MacRae* (189 N. Y. 142), and we cannot approve the decisions which hold that the surrogate has jurisdiction to vacate the order allowing and confirming the adoption. (*Matter of Moore*, 72 Misc. Rep. 644; *Matter of Johnston*, 76 id. 374.)

We think the complaint states a cause of action, and that relief may be granted in this court.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.