BRIDGET MURPHY and Others, Plaintiffs, *v.* MARY BROOKS and Others, Defendants.

Supreme Court, Kings Special Term, May, 1923.

Adoption — statutory requirements must be complied with — when confirmation of adoption by county judge is an administrative act — adoption annulled.

A statute relating to adoption is in derogation of the common law, creates a new status affecting property rights and public policy requires a substantial compliance with the statute.

In an action to set aside an adoption it appeared that the adoptive mother duly appeared before the county judge with the natural mother of the infant and acknowledged before the county judge her consent to the adoption agreement which was in proper form. While the order allowing and confirming the adoption recited the appearance of the adoptive mother, it did not recite the appearance of her husband before the county judge. In fact he did not so appear and his acknowledgment to the agreement, taken on the high seas before the master of the steamship upon which he was chief boatswain, was not properly authenticated as required by the federal laws. Upon directing judgment in favor of plaintiffs in an action to set aside and annul the order of adoption brought by the mother, brothers and sisters of the adoptive mother's husband who died intestate leaving real property, *held,* that the confirmation of the adoption by the county judge being merely an administrative act there was no presumption of regularity and the order entered thereon was, therefore, in no sense a decree or judgment and was subject to collateral attack.

ACTION to set aside an adoption.

*Ernest P. Seelman,* for plaintiffs.

*Cantwell & Meara (Wm. W. Cantwell,* of counsel), for defendants.

*Leon R. Jacobs,* special guardian for infant defendant Bernice Brooks, known as Juanita Murphy.

CALLAGHAN, J. This action was brought by the mother and brothers and sisters of William Arthur Murphy, deceased, to set aside and annul an order of adoption by William Arthur Murphy of the defendant Juanita Murphy, described here as Bernice Brooks, the order of adoption having been made by one of the judges of the County Court of Kings county

It appears that William Arthur Murphy and Ida Evangeline

Murphy lived together in an illicit relationship, but upon the assumption that there was a common-law marriage, at a time before Ida Evangeline Murphy had been divorced from a former husband. After that divorce the relationship continued and ripened into a common-law marriage in the state of New York. It was after the common-law marriage that the parties attempted to adopt the infant.

The agreement for the adoption was in proper form and Ida Evangeline Murphy duly appeared before a county judge with the natural mother of the infant and acknowledged before the county judge the consent to the adoption agreement. William Arthur Murphy did not appear before the county judge, his acknowledgment having been taken on the high seas before the captain of a steamship upon which William Arthur Murphy was the chief boatswain.

The order allowing and confirming the adoption recited that the defendant Ida Evangeline Murphy appeared before the county judge. The order does not recite the appearance of William Arthur Murphy before the county judge. It is a fact that he did not appear. Neither were the federal laws (U. S. Comp. Stat. 1916, § 2603; U. S. R. S. §§ 1433, 1750; 3 Fed. Stat. Anno. [2d ed.] 49, Act of Aug. 18, 1856, chap. 127, 11 U. S. Stat. at Large, 61; U. S. Comp. Stat. § 3185; U. S. Stat. at Large, Act of April 5, 1906, chap. 1366, § 7) complied with in that the acknowledgment before the master of the steamship was not properly authenticated.

It appears that William Arthur Murphy died, leaving real estate which he did not dispose of by will.

Adoption is in derogation of the common law and purely of statutory enactment and must, therefore, be strictly complied with in all essential parts. *Purinton* v. *Jamrock*, 195 Mass. 187; *Sarazin* v. *Union Ry. Co.*, 153 Mo. 479. By the operation of the statutes governing adoption, a new status is created affecting property interests. Public policy, therefore, requires a substantial compliance with the statute.

The county judge, in confirming the adoption, acted in his administrative and not in his judicial capacity. His order was in no sense a decree or judgment and may, therefore, be attacked collaterally in any proceeding. There is, therefore, no presumption of its regularity. *Matter of Ziegler*, 161 App. Div. 589; *Stevens* v. *Halstead*, 181 id. 198. Neither *People ex rel. Burns* v. *Bloedel*, 16 N. Y. Supp. 837, nor *Von Beck* v. *Thomsen*, 44 App. Div. 373, is an authority to the contrary. It appears in those cases that the order confirming the adoption recited the appearance of the adoptive parents before the judge who confirmed the adoption agreement.

45

It was, therefore, determined as a fact that the statute had been complied with.

It can hardly be argued that a statute could be substantially complied with when there is a failure to adhere to the requirements of personal appearance as well as a failure to acknowledge before the judge confirming the adoption. The provision for the appearance of the adoptive parents before the judge was enacted, no doubt, for a salutary reason. While the judge, in confirming the agreement, acts in an administrative capacity, it is his duty to see that the provisions of the statute are strictly complied with.

It is urged here that inasmuch as these plaintiffs are in the same position as William Arthur Murphy, one of the adoptive parents, they are estopped from attacking the regularity of the adoption proceeding, upon the theory that these plaintiffs stand in his shoes. There are some authorities to sustain that contention. *Matter of McKeag,* 141 Cal. 403; *Von Matre* v. *Sankey,* 148 Ill. 536. But those authorities are based upon the assumption that the proceeding is strictly judicial, and consequently that a failure to adhere strictly to the statute is a mere irregularity.

Judgment for the plaintiffs, but without costs. Settle findings and judgment on two days' notice.

ⵯ Judgment accordingly.