### Greene, et al. v. Fitzpatrick, et al.

(Decided June 17, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Adoption.—Under Civil Code of Practice, section 518, subsec. 4, judgment in adopting proceedings may be set aside not only by immediate parties thereto, but by their privies in estate.

2. Adoption.—Heirs of one adopting another after his death become vested with same rights to set aside judgment of adoption, under Civil Code of Practice, section 518, subsec. 4, that was possessed by such person in his lifetime.

3. Judgment.—Fraud practiced on court, in order to be available under Civil Code of Practice, section 518, subsec. 4, to set aside judgment of adoption, should relate to jurisdictional matters and not be such as is available as defense.

4. Adoption.—Where Ky. Stats., section 2071, was literally complied with in adoption proceedings, failure of both petitioner and proposed adoptee to reveal fact of their unlawful relationship inducing adoption is not such fraud practiced on court as would warrant setting aside judgment under Civil Code of Practice, section 518, subsec. 4, at suit of heirs of petitioner.

5. Adoption.—In adoption proceeding under Ky. Stats., section 2071, authorizing adoption of an adult, notice of proceeding need not be given to adoptee's husband.

6. Adoption.—In adoption proceeding under Ky. Stats., section 2071, authorizing adoption of adult, fact that adopted heir is married creates no obstacle to adoption.

7. Adoption.—Since judgment of adoption under Ky. Stats., section 2071, could not be set aside by adopter under Civil Code of Practice, section 518, subsec. 4, for unlawful relationship existing with adoptee, since adopter would be in pari delicto with adoptee in perpetrating unlawful acts, heirs of adopter having no greater rights than ancestor cannot set aside adoption on such ground.

8. Adoption.—An adoption solely for purpose of inheriting is not followed by any change in social or domestic relationship of either party thereto, but is intended and effects only bestowal on adoptee of right of natural heir to inherit undisposed of property from adopted ancestor, and no element of estoppel can arise.

9. Adoption.—Heirs and next of kin of deceased may, under Civil Code of Practice, section 518, subsec. 4, set aside adoption proceeding of adult person under Ky. Stats., section 2071, made solely for purpose of inheriting, on ground that adopted heir procured adoption by fraud and undue influence exercised on deceased.

MATT J. HOLT, JAMES A. MITCHELL and W. T. GODFROY for appellants.

LAWRENCE S. GRAUMAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

William H. Wright was a colored lawyer residing and practicing his profession in the city of Louisville, and at the time of his death on June 29, 1926, he was about 43 years of age and a bachelor. For the last few years of his life he had practically abandond his profession and

devoted his time to looking after his private business, which had grown to considerable proportions and largely consisted in the management of a bank, operated for the benefit of colored people principally, and in which Wright was a large stockholder and also its president. He left an estate of the possible value of $100,000. For a number of years prior to his death the appellee and one of the defendants below, Lucille Willese Fitzpatrick, was his stenographer, in which capacity she served while Wright was actively engaged in his profession, and she continued to do so after that up to the time of his death. On July 24, 1925, practically 11 months before his death. Wright filed his petition in the Jefferson circuit court in which he alleged his desire to adopt as his heir his stenographer, the defendant Lucille Willese Fitzpatrick. and who at that time was an adult and married, but who was later divorced from her husband. At the same time the proposed adoptee filed a paper in the same court in the nature of an answer and in which she consented to the adoption, and on the next day the court rendered judgment declaring her "to be the heir at law of said William H. Wright, and as such is capable of inheriting as though she were the natural child of said petitioner."

The appellees and plaintiffs below were nieces and nephews of the deceased, Wright, and were his next of kin and surviving heirs. On July 22, 1926, they, as such surviving heirs, filed their petition in the same court seeking to set aside the order or judgment of adoption "for fraud practiced by the successful party in obtaining the judgment," which is subsection 4 of section 518 of the Civil Code of Practice. The petition as amended alleged, as facts constituting the ground for the relief sought, that the persons directly interested in the adoption proceedings (the adopter and the adoptee) had for years prior thereto lived in a state of concubinage and because thereof the adoptee and her husband had become divorced; that the adoption proceedings were in consideration of such relationship and its continuance in the future, and that it was, therefore, based upon an illegal, immoral, and vicious consideration, and was void. It was also alleged that each of the parties to that proceeding concealed its purpose, inducement, and consideration from the court, and which it was claimed constituted a fraud upon the court and thereby rendered the adopting decree invalid and void.

Another paragraph averred that the decree was obtained by the adoptee by fraud and undue influence practiced and exerted by her upon Wright, her paramour, and but for which he would not have petitioned for or obtained such decree, and for that reason also it should be set aside and held for naught. Another paragraph sought the nullification of the decree upon the ground that defendant's husband was not notified of the contemplated application, nor did he know of the judgment rendered therein, and, because of the failure to so notify him, the judgment was invalid. Other parts of the petition and the amendments we consider immaterial to the disposition of the appeal and will not be mentioned. Defendant filed both a special and general demurrer to the petition as amended, the first of which the court overruled, but sustained the second one, and, plaintiffs declining to plead further, their petition was dismissed, from which judgment they prosecute this appeal.

We think the court was correct in overruling the special demurrer. In opposition thereto learned counsel for appellees argue that no one but parties to the original proceeding may maintain an action under the provisions of section 518, since, as claimed, the relief is personal to the immediate parties to the judgment complained of, and especially so where it, as in this case, had the effect to create a status and a relationship between the parties to that proceeding, and cases are cited in support of that contention involving the right of surviving heirs to question the legality of a marriage alleged to be procured by fraud, one of which is the case of Tompert's Ex'rs v. Tomppert, 13 Bush, 326, 26 Am. Rep. 197, wherein we said that:

"A marriage procured by fraud is voidable only at the election of the party defrauded. . . . The right to avoid a marriage is personal, and if not taken advantage of by a party in his lifetime, it cannot be exercised after his death by his executors or devisees."

The fraud in such a case, having the only effect of rendering the marriage contract and its consummation "voidable," may be ratified by acquiescence on the part of the defrauded spouse, and when so done his or her representatives, heirs, or devisees have no standing in court to insist upon the undoing of a ratified wrong to

their ancestor when the latter by his or her acts and conduct consented to waive it.

A different question would have been presented had the marriage been void ab initio; but whatever may be the correct rule under the facts with reference to the marriage relation; it is sufficient to say that an entirely different case is presented by this record. In the first place, we are dealing with a fraudulently procured judgment, as alleged and admitted by the demurrer, and the relationship of artificial heir to another is not one of the same sacredness or the same importance to society as is that of husband and wife which is created by a consummated marriage contract, and the same is true with reference to practically all other inter partes contracts in the ordinary commercial affairs of life. We therefore hold that the provisions of section 518 are open, not only to the immediate parties to the attacked judgment, but to their privies in estate as well, and when plaintiffs became such privies upon the death of Wright they became vested with the same rights to the remedy afforded by that section that was possessed by him in his lifetime.

Neither are we impressed with the argument of learned counsel for appellants to the effect that the adopting decree in this case may be set aside for fraud practiced on the court, which he insists was done when the parties to the decree, and especially Wright, concealed from the court his purpose and his inducing reason for filing his petition and obtaining that decree. It may be true that if the fraud upon the court was such as to present an appearance of jurisdiction, but which was falsified, the fraud by which it was accomplished (and which would then be practiced on the court) might be available under the subsection relied on of section 518. In other words, we mean to say that fraud practiced on the court in order to be available under the remedy employed here, if at all, should relate to jurisdictional matters and not be such as are available as a defense, and which latter was the case here. The statute under which the attacked decree was obtained (which was 2071 of our Statutes) was literally complied with, and the only fraud practiced on the court, if any, was the failure on the part of both petitioner and proposed adoptee to reveal the fact of their unlawful relationship, and to our minds such concealment is no more a fraud practiced on the court than would be the concealment of a vicious consideration for a note after judgment was

obtained upon it, and it was sought to be aside under the same section of the Code for fraud practiced, not upon the defendant in the judgment and who executed the note, but only upon the court. Clearly, such alleged fraud on the court would not be available in the latter case, and for the same reason we hold that it cannot be relied on in this case.

The court properly sustained the general demurrer to the paragraph of the petition relying upon a failure of notice given to defendant's husband of the adoption proceeding. There is nothing in the statute (section 2071) providing for such adoption for such notice, and the adoption provided for by it is entirely different from the one provided by the next section (2072) for the adoption of an infant, wherein custody of the infant by the adopter, as well as the right of the infant to inherit from him is contemplated, and which necessarily includes the taking of the custody of the child from the natural parent or the one in loco parentis to him. Therefore, under the latter section, such parent or the one occupying such position to the infant must be notified. The section under which the proceedings here involved were had does not contemplate that the adopted heir shall be an infant, but, on the contrary, he or she may be an adult. Neither does the fact that the adopted heir is married create any obstacle in the way to the adoption, and, since the statute does not require such notice to the spouse of the adopted heir when married, the courts are not authorized to read into it such a requirement.

We are also clearly convinced that the court properly sustained the demurrer to that paragraph of the petition relying upon the unlawful relationship of Wright and the defendant as grounds for the relief sought. We have hereinbefore observed in the discussion of the court's ruling on the special demurrer that plaintiffs are entitled to the same relief under section 518 of the Code to which Wright, if the proceedings were taken by him, would be entitled. It necessarily follows that their rights as his heirs would be no greater or more extensive than would be his rights if he were living and prosecuting the action. In the latter case the cause of action now under consideration would not be available to him because of his participation in the unlawful acts and conduct relied on. In other words, he would be in pari delicto with defendant in the perpetration of the relied on ground, and for that reason the court would leave him

where it found him, and which is a rule of law so well settled and universally applied as to need the citation of no authorities in its support. Whether defendant, notwithstanding such facts, would be entitled to enforce her rights as an adopted heir of Wright by compelling the payment to her of his net estate, whereby she would reap the fruits of the adopting decree, is a question that is not now before us and upon which we express no opinion. The question for our solution is: Whether the decree whereby defendant was given the status of heir to the deceased, Wright, may be set aside by either himself, if living, or his heirs, if he is dead, for a reason in which he participated when it involved unlawful and immoral acts and conduct on his part? We can detect no difference between the application of the in pari delicto doctrine when presented in a case like this one and when relied on in a proceeding to cancel and nullify a deed or other writing containing the same or similar vice, and the general tenor of the decisions and authorities is to that effect, although there may be a few opinions to the contrary.

After the filing of the first amended petition the trial court sustained the demurrer filed to that part of the petition as amended that charged fraud and undue influence practiced on Wright by defendant, upon the ground that plaintiffs had not shown that they would inherit the decedent's property by not alleging that he died intestate. Whether the court followed the correct practice in making that ruling we need not stop to determine, since the second amended petition clearly pointed out facts showing plaintiffs' right to inherit the property by alleging that the deceased executed a will, but that it was procured from him by undue influence and he was otherwise incapacitated to execute it and that plaintiffs had already instituted a proceeding to contest it.

The court, however, sustained a demurrer to the same part of the petition, as so finally amended, in reliance upon some foreign cases cited by counsel for defendants to the effect that plaintiffs, as heirs of decedent, could in no event maintain the action, because their rights were not vested at the time of the perpetrating of the fraud or the exercise of the undue influence complained of. Some of those cases are Wolf's Appeal, 10 Sad. (Pa.) 139, 13 A. 760; Bird v. Young, 56 Ohio St. 210,

46 N. E. 819; Parsons v. Parsons, 101 Wis. 76, 77 N. W. 147, 70 Am. St. Rep. 894; Nugent v. Powell, 4 Wyo. 173, 33 P. 23, 20 L. R. A. 199, 62 Am. St. Rep. 17; Pepin v. Meyer, 53 Mont. 240, 163 P. 104; In re Reichel, 148 Minn. 433, 182 N. W. 517, 16 A. L. R. 1016; Harper v. Lindsey, 162 Ga. 44, 132 S. E. 639; and In re Gunn's Estate, 227 Mich. 368, 198 N. W. 983. In practically if not all of them the involved adoption was similar to that provided for by section 2072 of our Statutes, and included the custody of the person and control of the infant adopted heir, and which necessarily resulted in a change of his or her environment and social setting, as well as relinquishment of the associations of the parents of the adopted heir, or those in loco parentis to him.

Most if not all of the nullifying proceedings in the last cited cases were instituted after the adopted heir had borne the burden of such changes, relinquishments, and alterations, and had thereby performed either in whole or in part the obligations put upon him by the adopting proceeding, and to allow the heirs of the adopter to set aside the judgment and thereby deprive the adopted heir from inheriting from his adopted parents would be a fraud upon the rights of the former, and the natural heirs were denied the right to do so in those cases, upon the ground that their ancestor would be estopped under the circumstances to set aside the adopting proceedings, and that his heirs were bound by the same estoppel. An adoption of one merely to enable him to inherit property, as is true with reference to the proceedings here involved, works no such changes and is followed by no such consequences as result from an adoption of the character involved in those cases. In fact, an adoption solely for the purpose of inheriting does not have for its purpose, nor is it followed by, any change in social or domestic relationship of either party to the transaction, but has for its purpose and effect only the bestowal on the adoptee the right of a natural heir to inherit undisposed of property from the adopting ancestor. No rights or privileges are surrendered by the person adopted, and no elements of an estoppel enter into such a case.

If, however, the cases supra, relied on and apparently followed by the trial court, possessed no such differentiating feature, we would not then be inclined to follow them because, even in that case, we would not be con-

vinced of their soundness. But by possessing such differentiating feature we do not regard them as authority in point, and for that reason, also, we are convinced that the court erred in sustaining the demurrer to all portions of the petition and amendments thereto relying for relief upon the ground that the adopted heir in this case procured the attacked decree by fraud and undue influence exercised by her upon the deceased, W. H. Wright. Authorities and cases supporting plaintiffs' right as heirs of W. H. Wright to maintain this action upon the last mentioned grounds are: 1 C. J. 1392, par. 105; 1 R. C. L. 624, 625; Phillips v. Chase, 203 Mass. 556, 89 N. E. 1049; 30 L. R. A. (N. S.) 159, 17 Ann. Cas. 544; Tucker v. Fisk, 154 Mass. 574, 28 N. E. 1051; Fiske v. Pratt, 157 Mass. 83, 31 N. E. 715; Mackay v. Kean, 167 Mass. 524, 46 N. E. 120, and many other cases cited in the opinion in the Phillips case. Those cases and authorities announce the rule to be that where the adopting proceeding was only for the purpose of making the one adopted an heir and that such person was an adult at the time, his or her fraud or undue influence upon the person making the adoption can be relied on by the heir of the adopter in a proceeding like this to annul and set aside the adopting decree, just as the latter could if he were living and the nullification proceeding had been instituted by him. We think that rule is supported by sound, logical, and unanswerable reasoning, and, applying it to the facts of this case, we are of the opinion that the court erred in sustaining the demurrer to that part of the petition as amended relying on such grounds.

Wherefore the judgment is affirmed in part and reversed in part, with directions to set it aside in so far as it conflicts with this opinion, and to proceed in accordance with the principles herein announced.

Whole court sitting.