## Green's Administrator v. Fitzpatrick et al.

(Decided April 16, 1929.)

MAT J. HOLT and HOLT & HOLT for appellants.

LAWRENCE S. GRAUMAN for appellees.

Opinion of the Court by Commissioner Hobson— Affirming.

The facts of this case are stated in the opinion on the former appeal. Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896. On the return of the case to the circuit court, proof was taken, and on final hearing the circuit court dismissed the plaintiffs' petition. The plaintiffs appeal.

The plaintiffs' petition sought to set aside a judgment of the Jefferson circuit court entered July 24, 1925, by which William H. Wright adopted appellee as his daughter. Wright died on June 29, 1926, a bachelor; appellants are his brothers and sisters and their descendants. On the former appeal every ground upon which the judgment of adoption was sought to be set aside was held insufficient, except the ground that Wright was not of sound mind and that the order was obtained by undue influence exercised over him by appellee. The circuit court thus summed up the evidence on these two questions: "Leaving out of account the moral aspect of the relation between this man and this woman, which seems to have so powerful an effect upon the conscience of counsel for plaintiff, and treating the case purely and simply as an undue influence case, it has not a leg to stand on. Exactly the same comment may be made upon the claim that, at the time of the adoption, Wright did not have mental capacity to know what he was doing. The charge is perfectly groundless."

There is absolutely no evidence that appellee exerted any influence over Wright. On the contrary, the evidence tends strongly to show that he had control of her. He spoke of his intention to adopt her to several people whom he knew well, before the order was entered. After it was entered it was displayed in the papers of the city, as he was quite a prominent man, and a number of people talked to him about it. To all of these he gave practically the same reason that appellee had worked for him for many years, that she worked without pay when he had little money to pay her, and that he felt that he wished to provide for her. He had an incurable disease and knew it; but he was president of a bank; he was the chairman of the board of directors of the life insurance company which he had organized. He conducted all of this business until his last sickness in June, 1926.

The testimony of a number of business men who were associated with him or did business with him, and who met him often from day to day, is conclusive that he was a man of business capacity and fully able to understand what he was doing when he employed a lawyer and had the adoption proceedings instituted and carried through.

All other questions are settled by the opinion on the former appeal which is the law of the case. As the heirs stand in the shoes of the person under whom they claim, they can only set aside the judgment of adoption by showing that it was obtained by undue influence or by reason of mental incapacity. This appellants have failed to do.

The evidence does not show that the adoption was had by undue influence by reason of immoral relations between Wright and appellee for the purpose of continuing such relation. A man would not be presumed to adopt a young woman as his daughter for this purpose. Wright was an intelligent lawyer of force and ability. The proof showing he had immoral relations with appellee, also shows he sustained like relations with two other young women, and there is nothing to show a dominating influence of appellee over him. She denies that there were immoral relations between them and the proof for her tends to sustain this. The proof in the case sustains the conclusions of the circuit judge thereon.

Judgment affirmed.