In the Matter of the Accounting of DANIEL A. MacEWAN, as Executor of JAMES W. MacEWAN, Deceased, Appellant-Respondent. FLORENCE A. MacEWAN, Respondent-Appellant.

Fourth Department, May 14, 1952.

194

*Cleveland Pond* for appellant-respondent.

*Frederick F. Grotz* for respondent-appellant.

*John F. O'Connor* for John T. MacEwan, *amicus curiæ.*

KIMBALL, J.   We agree with the disposition made by the Surrogate as to the several objections which were interposed to the executor's account, with the exception of the setoff to the widow of $300 under subdivision 4 of section 200 of the Surrogate's Court Act.   The decree directed the executor to pay over to the widow $300 " out of money in his hands ".   The only money in the hands of the executor was from the proceeds of the sale of real estate or the rentals thereof.   When the testator died, the only personal property of which he was possessed consisted of furniture which has been set off to the widow as an exemption.   The $300 exemption may not be paid to the widow from the proceeds of the real estate or the rentals.   (*Matter of Wolf*, N. Y. L. J., June 8, 1948, p. 2151, col. 5; *Matter of Donohue*, N. Y. L. J., Dec. 15, 1950, p. 1604, col. 6.)   It was error to set off $300 as an exemption to the widow.

The most serious question submitted to the Surrogate was whether the testator died leaving two children him surviving. The widow having elected to take against the will, it became necessary to determine the amount of her intestate share. Under the adoption statute in effect at the time of the alleged adoptions (L. 1896, ch. 272), it was the filing and recording of the order and the instrument and consent which effectuated the adoption.   (See opinion of Surrogate FOWLER in *Matter of*

*Kuehn,* 170 N. Y. S. 900.) The mere signing of the order of approval of the adoption agreement by the Judge or Surrogate was not sufficient to create the relationship of parent and child. Under the 1896 statute, the making of the order was an administrative act of the Judge or Surrogate and not a judicial act. (*Murphy* v. *Brooks,* 120 Misc. 704; *Matter of Ziegler,* 161 App. Div. 589; *Stevens* v. *Halstead,* 181 App. Div. 198.) In the case before us, concededly the order and papers were not filed in the County Clerk's office as required by the statute, until the making of the *nunc pro tunc* orders, after the death of the testator and after the probate of his will. The *nunc pro tunc* orders could not bring into being a fact which did not exist, i.e., the filing and recording of the papers over forty years before. (*Mohrmann* v. *Kob,* 291 N. Y. 181, 186; *Merrick* v. *Merrick,* 266 N. Y. 120, 122; *Guarantee Trust and Safe Deposit Co.* v. *Philadelphia, Reading and N. E. R. R. Co.,* 160 N. Y. 1; *Stock* v. *Mann,* 255 N. Y. 100, 103.) In *Matter of Wetherby* (233 App. Div. 893, appeal dismissed 258 N. Y. 591), this court refused to amend an adoption order which had stood for forty years undisturbed, at the instance of the parties interested only in property rights and where the parties, their attorney and the judge were dead. Here the only parties to the alleged adoptions in 1904 and 1908 who are living are the alleged son and daughter, and neither of them is interested in this judicial settlement.

The applications for the *nunc pro tunc* orders were ex parte. The surviving widow was not brought in or given notice of the applications. These orders, if effective, would diminish the widow's share. She is not bound by the orders. (*Matter of Reichel,* 148 Minn. 433.) Moreover in the case of the alleged son, John T. MacEwan (Herman Waltring), the only papers which were ordered filed in the clerk's office by the *nunc pro tunc* order were copies of papers found in the Department of Social Welfare. The originals were not produced. There was no authority for an order that copies of alleged adoption papers be filed or recorded. As to the alleged adoption of Althea (Kathleen) MacEwan, it appears that the order and other papers were retained in the office of the Surrogate who approved the adoption. Had the alleged adopted daughter decided to file and record these papers in the County Clerk's office, no order was necessary. She, however, did not make the application for the *nunc pro tunc* order and was not a party to the application. The order was obtained ex parte by the testator's brother who is the executor and sole beneficiary named in the will. The said alleged adopted daughter is not interested in this estate but, in holding the

*nunc pro tunc* order as to her adoption to be a nullity in the instant matter, we do so without prejudice to whatever rights she may have in some other proceeding to seek to establish her relationship as an adopted child of the testator and his former deceased wife.

The decree and amended decree insofar as they adjudge that the executor pay to Florence A. MacEwan the sum of $300 as an exemption under subdivision 4 of section 200 of the Surrogate's Court Act, should be reversed on the law and facts, and otherwise the decree and amended decree should be affirmed, without costs of this appeal to either party, and the matter should be remitted to the Surrogate's Court of Erie County to make and enter a decree in accordance with this opinion.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Decree and amended decree insofar as they set off $300 in cash to the widow as an exemption under subdivision 4 of section 200 of the Surrogate's Court Act reversed on the law and facts and otherwise decree affirmed, without costs of this appeal to either party and matter remitted to the Surrogate's Court of Erie County for further proceedings in accordance with the opinion.