■ SAMUEL W. FOSTER, JR., Respondent, v. JOHN L. CASE, Appellant.— Same decision and like cause of action as in companion case of *Foster (Ethel)* v. *Case* (3 A D 2d 640).

■ JOSEPHINE GRAVINO, Respondent, v. PATSY GRAVINO, Appellant. (Action No. 1.) PASQUALE GRAVINO, Also Known as PATSY GRAVINO, Appellant, v. JOSEPHINE M. GRAVINO et al., Respondents. (Action No. 2.) — Order reversed, without costs of this appeal to any party and motion in Action No. 1 denied and motion in Action No. 2 granted, without costs. Memorandum: The motion of plaintiff in Action No. 1 to enter judgment *nunc pro tunc* should have been denied. No judgment against the defendant having been made and entered, the execution and all subsequent proceedings including sale and delivery of the deed were void. (Civ. Prac. Act, §§ 643, 648; *Dunham* v. *Reilly,* 110 N. Y. 366; *Giorgetti* v. *Katsky,* 276 App. Div. 1102.) It is well settled that the judgment may not be made and entered *nunc pro tunc* so as to give vitality and validity to the execution and proceedings thereunder. (*Merrick* v. *Merrick,* 266 N. Y. 120; *Mohrmann* v. *Kob,* 291 N. Y. 181, and cases there cited.) This court has passed upon this question of *nunc pro tunc* orders and judgments in three relatively recent cases. (*Matter of MacEwan,* 280 App. Div. 193; *Powell* v. *Powell,* 282 App. Div. 99; *People ex rel. Oshlag* v. *Skinner,* 1 A D 2d 940.) The motion made by the plaintiff in Action No. 2 should have been granted and judgment ordered in favor of the plaintiff. The denials of knowledge or information sufficient to form a belief by the defendant in that action, of matters necessarily within her personal knowledge and matters of public record are sham. The answer should be stricken out and judgment granted to the plaintiff and against the defendant for the relief demanded in the complaint (*Schnibbe* v. *Glenz,* 245 N. Y. 388, 391). All concur. (Appeal by defendant in Action No. 1 and plaintiff in Action No. 2, from an order of Niagara Special Term granting a motion by plaintiff in Action No. 1 for leave to enter judgment *nunc pro tunc,* and to correct *nunc pro tunc* the execution issued thereunder, and denying motion by plaintiff in Action No. 2 to strike out the answer and parts of the answer as sham and frivolous and for judgment on the pleadings.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

■ CLAYTON M. JONES, Appellant, v. BLACKSTONE CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Vaughan, J. P., Kimball, Wheeler, Williams and Bastow, JJ. [See 2 A D 2d 870.]

■ CLARENCE F. GRABB, as Receiver, Respondent, v. JOHN NICHOLAS, as Receiver, Defendant, and ALBERT E. GILBERT, as Receiver, Respondent. WILLIAM J. EDELL, Appellant, v. SHIRLEY M. EDELL, Respondent. EVELYN M. EDELL, Respondent, v. WILLIAM J. EDELL, Appellant. WALTER MACK, on Behalf of Himself and All Other Creditors of WILLIAM EDELL Similarly Situated, Respondent, v. WILLIAM EDELL, Appellant, et al., Defendants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ. [See 2 A D 2d 446.]

■ WILLIAM ZAK, Respondent, v. MURRAY KLAUBER, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ. [See 2 A D 2d 871.]

■ FLOYD HULIN, Appellant, v. PHILIP R. ALOISIO, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Bastow, JJ. [See 2 A D 2d 953.]