# CIRCUIT COURT OF HANOVER COUNTY

In re Adoption of
Frances Moore

## February 26, 2009

## Case No. CA08000009-00

BY JUDGE J. OVERTON HARRIS

Petitioner Edward H. English filed in this Court a petition to vacate the adult adoption of Respondent Frances Moore by Bruce V. English, now deceased. Respondent filed a Plea in Bar attacking Petitioner's standing to challenge the adoption. The Court heard arguments on February 19, 2009, and took the matter under advisement. Having thoroughly reviewed and considered the evidence and applicable law, the Court finds as follows.

## I. *Background*

Doctor Bruce Vaughan English was an institution in Hanover County. He was a respected educator and philanthropist whose leading efforts in historic preservation continue to be felt beyond his passing. Prior to December of 2007, Doctor English's next of kin and heirs at law were two nephews, one of which is Petitioner. On December 21, 2007, however, Doctor English adopted Respondent, an adult, making her his next of kin and heir at law. Doctor English also executed a new will on October 18, 2007, naming Respondent his executrix and primary beneficiary. He died of natural causes on January 15, 2008.

## II. *Analysis*

Petitioner attacks the adoption of Respondent in this case and has attacked the validity of Doctor English's will in another. He claims that Doctor English did not know Respondent for the required year before

adoption and that the adoption was the product of Respondent's undue influence. Respondent claims that the Petition is barred due to lack of standing because Petitioner had no vested interest at the time of the adoption.

A party asserting standing must have "sufficient interest in the subject matter of the case so that the parties will be actual adversaries and the issues will be fully and faithfully developed." *Cupp v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984). An analysis of standing should "ensure that the person who asserts a position has a substantial legal right to do so and that his rights will be affected by the disposition of the case." *Id.*

The standing issue presented here is not nearly so straightforward as the usual case. Petitioner attacks a final order of this Court produced in another case to which he was not a party. His standing in this case thus depends upon his standing in the adoption proceeding.

Respondent correctly notes that this is a case of first impression in Virginia. As such, she asks the Court to analogize this case to collateral attacks on divorce decrees, a subject on which the Supreme Court of Virginia has been quite clear. "[T]he assailant in a collateral attack upon a judgment 'must show prejudice to some right of his that accrued prior to the rendition of the judgment'." *Evans v. Asphalt Roads & Materials Co.*, 194 Va. 165, 72 S.E.2d 321, 328 (1952) (quoting *Magevney v. Karsch*, 167 Tenn. 32, 51, 65 S.W.2d 562, 568 (1933)). Petitioner has alleged no accrued rights at the time of the adoption. Following Respondent's approach, the Plea in Bar would clearly be correct.

Petitioner asks the Court to look to sister states, where this issue has been faced. At least six states have ruled upon the standing of collateral heirs or next of kin in challenges to adult adoptions. *Cupit v. Pluskat*, 825 So. 2d 1 (Miss. 2002); *Tucker v. Fisk*, 154 Mass. 574, 28 N.E. 1051 (1891); *Adoption of Sewall*, 242 Cal. App. 2d 208, 51 Cal. Rptr. 367 (1966); *Wilson v. Caulfield*, 228 Mo. App. 1206, 67 S.W.2d 761 (1934); *Greene v. Fitzpatrick*, 220 Ky. 590, 295 S.W. 896 (1927); *Stevens v. Halstead*, 181 A.D. 198, 168 N.Y.S. 142 (1917). The potential standing of collateral heirs or next of kin in challenges to adult adoptions has been recognized in each case, though under varying theories.

The courts of the sister states are persuasive in this matter. The finding of this Court mirrors that of the Court of Appeals of Kentucky, which held:

> [W]here the adopting proceeding was only for the purpose of making the one adopted an heir and that such person was an adult at the time, his or her fraud or undue influence upon the person making the adoption can be relied upon by the heir of the

410

> adopter in a proceeding . . . to annul and set aside the adopting decree, just as the latter could if he were living and the nullification proceeding has been instituted by him.

*Greene*, 220 Ky. at 598.

Where, as here, it is alleged that the adoptee used undue influence to obtain the adoption for the sole purpose of becoming an heir, standing to protect the estate may be derived by collateral heirs or next of kin from the rights of the deceased as if he were alive.

Such standing is further mandated by public policy. Were collateral heirs or next of kin denied standing to attack an adult adoption allegedly obtained by fraud or undue influence, the adoptee would be effectively immune. Fraud in such a manner, with its consequent deprivation of rightful heirs, would be without remedy. The Court is unwilling to accept such a loophole.

Petitioner has standing to petition this Court to vacate the adult adoption of the Respondent. The Plea in Bar in denied.