CASE 67—PETITION ORDINARY—SEPTEMBER 29

<div style="float:right">2du 573<br>110 725</div>

# Yewell, &c., vs. Bradshaw.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. A petition alleging that the plaintiff placed in defendant's hands $250, to be used in procuring a substitute for plaintiff in case he should be drafted into the United States army, but if not drafted, the money to be refunded; and that plaintiff was not drafted—held sufficient.

2. On general demurrer to a petition, its sufficiency should not be tested by blending with its averments any matter of defense which the defendant may have.

SWEENY & POPE for appellants.

J. W. KINCHELOE for appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellants, Yewell and Price, brought this action for the benefit of the latter, to recover of the appellee $250, which they allege was placed in his hands by Yewell, to be used, if necessary, in procuring a substitute for Price, in the event of his being drafted into the military service of the

United States, under the late call of the President for five hundred thousand men; but, as they aver, with the express agreement, that, in case Price should not be drafted, Brad-shaw would refund the money; and they exhibit with their petition the following receipt:

"Received of A. G. Yewell two hundred and fifty dollars, which entitles him to a substitute for Tom D. Price, if he is drafted; if substitute not furnished, money returned.

"R. A. BRADSHAW,
"By G. W. RAY.

"SEPTEMBER 26, 1864."

The petition alleges that Price lived in Daviess county, and was liable to be drafted there if any draft took place for that county under said call; but that no such draft was made, nor was Price drafted, or any substitute furnished for him by Bradshaw.·

Bradshaw filed an answer, resisting a recovery on the ground that he received the money as a substitute broker; and, in consideration thereof, had agreed, as an assurance to . Price, that, in the contingency of his being drafted, he would cause him to be relieved by furnishing a substitute for him; and that, by his contract, he was entitled to retain the money as compensation for the risk thus incurred; and in this answer an agreement, on file in a suit of Glenn vs. Bradshaw, is referred to as an exhibit.

By an order preceding the judgment it appears, that, by the leave of court, said agreement was withdrawn from the suit of Glenn against Bradshaw and filed in this case, after which the defendant filed a demurrer to plaintiff's petition, which the court sustained and dismissed the petition. ·

We have not referred to the answer and agreement therein set up for the purpose of expressing any opinion as to the sufficiency of the defense thereby presented, but because it is suggested in the argument for the appellee that the court sus- .tained the demurrer to the petition in view of its construction of both the receipt exhibited by the plaintiff and the agree-ment set up in the defendant's answer. And it is insisted in this court for the appellee, that, on this ground, the. ruling of the court was correct.

The demurrer, being general, must be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action; and this presented the only question proper to be considered by the court in passing on the demurrer. It is scarcely necessary to say that the sufficiency of the petition should not have been tested by blending with its averments any matter of defense which the defendants may have had.

In our opinion, the statements of the petition, if true, constitute a valid cause of action, and that the court, therefore, erred in sustaining the demurrer.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Note.—The two following opinions were delivered at the Winter Term, 1864, but having been lost or mislaid, they were not, for that reason, published with the other opinions of that term. Copies having since been obtained, they are published now by direction of the court.