## Metropolitan Life Insurance Company v. Ditto, Administrator.

(Decided February 20, 1925.)

### Appeal from Breckinridge Circuit Court.

Judgment—Failure of Agent to Notify Insurance Company of Ac-
tion Against it Not Unavoidable Casualty or Misfortune Prevent-
ing Appearance, so as to be Grounds for Vacating Judgment.—
Failure of insurance agent to notify company of action against it

through ignorance or in reliance on sheriff's statement that company would be otherwise notified, there being no collusion between sheriff and insured nor agency relationship, held not unavoidable casualty or misfortune preventing appearance, under Civil Code of Practice, section 518, subd. 7, on which to predicate action to vacate or modify judgment, taken by default.

FLOYD J. LASWELL, W. FOSTER HAYES and WM. J. TULLY for appellant.

GUS BROWN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On the 4th of October, 1922, Ed Sago died intestate and in January, 1923, his personal representative qualified, and thereafter brought his action as such against the Metropolitan Life Insurance Company, wherein it was alleged, in substance, that on the 20th of September, 1922, the Metropolitan Life Insurance Company, through its resident agent, Sapp, and its general agent, Whitmer, solicited plaintiff's intestate to take insurance on his life in the sum of $500.00, and then and there entered into a parol or verbal contract of insurance with plaintiff's intestate, whereby in consideration of the application so made for said insurance, and the further payment in advance at the time of one monthly premium to defendant of $1.80, which was accepted by it, did contract and agree to insure and did insure the life of his said intestate for $500.00 for four weeks from said date, and contracted with said intestate that in the event of his death within that time defendant would pay his estate the sum of $500.00; that said contract of insurance was accepted by plaintiff's intestate, and he then and there paid to the defendant's agent, in advance, one monthly premium of $1.80, which premium was accepted by defendant.

On the day of filing such action a summons in proper form was issued and directed to the sheriff commanding him to summon the defendant, and on the same day the sheriff executed the summons by delivering a copy thereof to one J. A. Sapp, the resident agent of the defendant company in that county.

At the succeeding February term of the circuit court, no answer having been filed or defense made,

judgment by default was taken for the amount sought in the petition.

In March, 1923, this action by the insurance company against the decedent's personal representative was instituted, and a new trial sought upon the ground of unavoidable casualty or misfortune which prevented defendant in the first action from appearing therein and defending the same.

The petition in this action sets forth all the proceedings and steps taken in the first named action, and there is filed with it a certified copy of the entire record and proceedings therein. There is in addition set forth in the petition a state of facts showing a perfectly good defense to the original action, so that the only question involved is whether the state of facts alleged in the petition constituted unavoidable casualty or misfortune as those terms are used in section 518, subsection 7, of the Civil Code. That section provides:

> "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it.  .  .  .  "
> "Subsection 7. For unavoidable casualty or misfortune, preventing the party from appearnig or defending."

The allegations of the petition as to unavoidable casualty and misfortune are:

> "That while said Sapp on whom the summons in said action was served was an agent of this plaintiff, yet he was only a subordinate agent engaged in soliciting applications for life insurance, collecting premiums therefor and other matters of that kind, and having no authority to represent plaintiff in any litigation or matters connected therewith except as provided by the statutes of this state regarding the service of process, or in any of plaintiff's general business or affairs; that said Sapp was ignorant of the nature and functions of legal and judicial process and without experience in connection with same; that when the sheriff of this county, W. C. Pate, served the summons in said action by delivering a copy thereof to said Sapp, the said Sapp did not understand the meaning of said summons nor the significance or effect of its being served upon him, and therefore, knowing that said sheriff had knowl-

edge and had had experience in such matters said Sapp asked said sheriff what he (Sapp) should or ought to do with or about said summons, and thereupon and in answer to said question said sheriff said to and told said Sapp in substance that there was nothing for him to do about or with reference to said summons, but that either said sheriff or the plaintiff in said action had notified or would notify this plaintiff (defendant therein) of the pendency of said action, and said Sapp so understood said sheriff to advise and tell him with reference to said summons and relied upon and was misled by said statements of said sheriff and his own understanding of same as aforesaid, and for that reason did not know that it was necessary or important or that it was his duty to notify this plaintiff or any agent or representative of this plaintiff superior to said Sapp, and wholly failed to so notify this plaintiff or any agent or representative of this plaintiff, of the service of said summons, and did not so notify plaintiff or any one representing plaintiff of it, and plaintiff had no knowledge whatever and no notice of the service of said summons or of the pendency of said action against it until long after said judgment in said action had been rendered and the said term of this court in which the same was rendered had ended.''

The trial court sustained a demurrer to the petition for a new trial, evidently upon the ground that the quoted allegation as to unavoidable casualty or misfortune was insufficient, and the correctness of that ruling is the only thing necessary to be considered.

The gist of the allegation is that appellant's agent upon whom the process was served was ignorant and inexperienced as to legal terms and judicial process, and being so, inquired of the sheriff what he should or ought to do with or about the said summons, whereupon the sheriff said to him that there was nothing for him to do about it or with reference to it, but either said sheriff or the plaintiff in the action had notified or would notify the insurance company of the pendency thereof, and that relying upon such statement of the sheriff the agent failed to notify the company or any representative thereof superior to himself.

There is no allegation that the sheriff was the agent of the plaintiff in that action, or of his attorney; there is no allegation that the sheriff was acting in collusion with either of them, nor anything from which it may be inferred there was any fraud upon the part of the plaintiff or his attorney. There is no allegation which would justify the inference that the sheriff was in any way acting for the plaintiff or his attorney, or that he sustained any relationship to either of them other than an official charged with the duty of serving the process. There is nothing alleged authorizing the agent to accept the statement of the sheriff as absolving him (the agent) from doing his plain duty to his principal.

So that the question resolves itself into whether it constitutes unavoidable casualty or misfortune if the agent of a corporation upon whom a summons for the corporation has been executed, may rely upon the statement or promise of the official serving the summons that he need not notify his principal of such service, because either he (the officer) or the plaintiff himself would notify the defendant of the pendency of the action; it appearing that there was no relationship between the officer and the plaintiff, and no reason why the agent should rely upon such statement or promise.

If such situation constitutes unavoidable casualty an easy method has been found by which a solemn judgment of a court may be set aside and a new trial granted; an easy road to practically interminable trials and retrials.

There is only disclosed either pitiable ignorance upon the part of the agent or inexcusable negligence; nor is there shown any sound reason why he should have relied upon the statement of the sheriff as sufficient to relieve him of his plain duty to his principal. The company will not be heard to rely upon the ignorance of its own agent, for it alone selected him; nor can it rely upon his negligence, for his negligence was its own negligence. Nor can the promise of another to notify his principal of the pendency of the action absolve the agent from his duty to do so.

The state of case alleged falls far short of unavoidable casualty, but in fact discloses only the ignorance or neglect of the company's own agent, and the demurrer was properly sustained. Noe v. Davis, 171 Ky. 482; Patton v. McQuown, 97 Ky. 757; Commonwealth v. Weisinger, 143 Ky. 368; Bone v. Blankenbaker, 24 R. 1438;

Iroquois Life Insurance Company v. Thomas, 185 Ky. 710; Callahan Construction Company v. Williams, 160 Ky. 814.

Judgment affirmed.