## Ring v. Freeland.

(Decided November 29, 1927.)

### Appeal from Montgomery Circuit Court.

Judgment.—That a married woman's signature to a note was procured by fraud and duress and was ineffective, under Ky. Stats., section 2127, to have her answer for debt of her husband did not entitle her, under Civil Code of Practice, section 518, subsection 4, to have judgment thereon set aside for fraud, since alleged·fraud was in procurement of note, and not in procurement of judgment.

HENRY WATSON for appellant.

JOHN G. WINN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

On October 20, 1922, appellant, J. W. Ring, recovered judgment against appellee, Leona Freeland, in the Montgomery circuit court for $250, with interest. On the 16th of September, 1924, Mrs. Freeland instituted this action in equity in that court to set aside that judgment and for a new trial of that action, upon the ground that the judgment had been procured by fraud upon the part of Mr. Ring, the relief sought being authorized by subsection 4 of section 518 of the Civil Code of Practice. The trial court granted her the relief sought, and Mr. Ring has moved for an appeal.

Appellant insists that the trial court erred in not sustaining his demurrer to appellee's petition and in awarding her judgment on the merits. Without regard to the first proposition, this court is of the opinion that plaintiff's second contention is well founded. These facts appear, according to the testimony for appellee: Her husband executed and delivered to R. M. Reynolds a note for $250, and without authority from her signed her name to it. Reynolds, in company with appellant, Ring, approached her at her place of business some time thereafter and requested that she pay $50 on the note. She denied any knowledge of the note, and, upon its being exhibited to her, stated that she had not signed it or authorized her husband to sign her name to it. Reynolds then stated that, under those facts, he would prosecute her husband for forgery. She then offered to sign a new note with her husband for the same amount if they would not prosecute him. This was agreed to, and a new note was prepared which Reynolds and Ring took to and procured her husband to sign, and which they then returned to her, and which she signed. In the course of these conversations they told her that signing the note bound her for the debt. The old note was then destroyed, and Reynolds and Ring departed with the new one. That note subsequently was sued on by appellant, Ring, to whom it had been assigned, and, no defense being made, the judgment above mentioned was entered by default. It does not appear that appellant or Reynolds ever said anything to appellee about this note after it was obtained.

The testimony for appellee at most tended to establish that her signature to the note in question was procured by fraud or duress. Without reference to how she was procured to sign the note, the fact that this was an attempt to have her answer for the debt of her husband was ineffective for the purpose, in the absence of a mortgage or other conveyance, under section 2127, Kentucky Statutes. No testimony to be found herein tends remotely to establish that appellee was prevented by any action, statement, or representation upon the part of appellant from making defense to the action instituted against her on the note. The fraud practiced by the successful party in obtaining judgment which authorizes a judgment for a new trial, under subsection 4 of section 518 of the Civil Code, is fraud practiced in pre-

venting the unsuccessful party from defending the action, not fraud practiced by him in obtaining the cause of action. It cannot be said, where one's name is procured to be signed to a note or a contract by fraud or duress and he is subsequently sued on the note or contract, that he may pay no attention to the cause of action and let judgment go against him thereon by default and subsequently sue under provisions of subsection 4 of section 518 of the Civil Code to set aside the judgment upon the ground that it was procured by fraud practiced by the unsuccessful party. The fact that one's signature to a note or contract was procured by fraud or duress is a defense that must be interposed in the action on the note or contract. When a person so wronged is sued on the note or contract and brought under the jurisdiction of the court by having summons served upon him, it is incumbent upon him to interpose the defense of fraud or duress in the action. He can obtain relief under subsection 4 of section 518, supra, only when by some fraud practiced by the successful party he is prevented from making the defense which he has.

As indicated, the record establishes that neither appellant nor any one else said or did anything to prevent appellee from appearing and defending the action. By the testimony of appellee it is established also that another reason altogether actuated her and moved her not to appear and defend. When first asked by her attorney while giving her deposition herein why she did not appear and defend the suit on the note, she stated that she did not know it had been brought. She then admitted, however, that doubtless a summons was served upon her, and was then asked, ''Was there any other reason in your mind why you did not make a defense?'' and answered. ''I knew I didn't have anything, and I thought it wouldn't amount to anything.''

For total failure of evidence that appellant or any one acting for him said or did anything which prevented appellee from appearing and defending the action on the note, this court can but conclude that appellee wholly failed to make a case of fraud upon the part of appellant in obtaining judgment against her on the note, within the meaning of subsection 4 of section 518 of the Civil Code. It therefore follows that the chancellor erred in awarding her a new trial of the action on the note.

For these reasons appellant's motion for an appeal is sustained; the appeal is granted; the judgment is reversed; and the chancellor is directed to enter a judgment dismissing appellee's petition.