## Metcalf v. Metcalf.

(Decided June 23, 1933.)

EDGAR T. WASHBURN for appellant.

ROY HOLMAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant, Della Metcalf, brought this suit in 1930 under subsection 4 of section 518 of the Civil Code of Practice to set aside, on the ground of fraud in its obtention, a judgment of divorce entered in the Ballard circuit court on the 4th day of October, 1926, on constructive service. A demurrer being sustained to her petition and she declining to plead further, it was dismissed. She has appealed.

The appellant avers in her petition that she and her husband were married in Missouri and spent their mar-

ried life together in Illinois until they separated in June, 1925, he coming to Kentucky to reside and she going back to Missouri to live with her parents. Her petition does not disclose that she was ever in Kentucky until 1930. While her petition refers to the pleadings, orders, evidence, and, indeed, the entire record in the divorce case and makes it a part of her pleading in the circuit court, she has not made that record, or any part of it, a part of the record in the instant case in this court, and save to the extent she makes specific reference to the contents of the divorce record in her petition, we are ignorant of them. She makes no attack in her petition on the affidavit upon which the warning order in the divorce case was made and the warning order attorney appointed. She does allege that the allegation in the divorce petition that she was a nonresident was untrue but she does not aver that the warning order was made on the allegations of a verified petition. It may have been made on a separate affidavit filed for that purpose. The lower court had the record of the divorce case before it but we have not. We must presume that the missing part of the record supports the trial court's judgment and that hence there was no false statements made in the affidavit upon which the warning order was made. Appellant does not aver that she did not receive notice of the pendency of the divorce action from the warning order attorney in ample time to have defended that suit. She contents herself with alleging only that the ground of divorce set out in the divorce petition, to wit, abandonment, and the evidence adduced to support it were false in that the real reason for the separation between her and her husband was the fact that he had in Illinois become involved with a young lady and to avoid prosecution had left that state and gone to Kentucky, procuring his wife to go to Missouri and live there until he could re-establish himself in Kentucky, and that at his continued solicitation she had stayed in Missouri until 1930 when she became suspicious and came to Kentucky to find that he had procured the divorce in question some four years before. Assuming, as we must in the absence of the record in the divorce case, that she received notice of the nature and pendency of that action, we find nothing in the petition explaining why she did not then appear and present her defense. She knew she was sued for divorce and the ground thereof, for to so inform her was the

duty of the warning order attorney. It has been held that the fraud practiced on the court warranting relief under subsection 4 of section 518 of the Code is the fraud which has the effect of presenting an appearance of jurisdiction and which must relate to jurisdictional matters, and not such as are available as a defense. Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896; Ring v. Freeland, 222 Ky. 147, 300 S. W. 341. Indeed, in the case of Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, relied on in this case, the court said that a judgment of divorce could be set aside under subsection 4 of section 518 of the Civil Code of Practice if it were shown that there was perjury or fraud committed in order to obtain the benefit of constructive service. There is no showing here that the husband made any false statements to obtain the benefit of constructive service. Appellant makes no allegation that she was not fully apprised by the warning order attorney of the nature and pendency of the divorce action. There is no showing that the husband did anything to prevent appellant from appearing and defending that suit. This is simply a case where the appellant says that if she had appeared in the divorce case and presented her evidence, it would have overcome that offered by her husband. This is not enough to obtain a vacation of the judgment in the divorce case under subsection 4 of section 518 of the Civil Code of Practice, and the court did not err in sustaining the demurrer to her petition and later dismissing it. The judgment is affirmed.