# Byron et al. v. Evans.

(Decided Feb. 28, 1936.)

WOODWARD, HAMILTON & HOBSON and SHACKELFORD MILLER, Jr., for appellants.

MILLIKEN & MILLIKEN, VAN WINKLE & SKAGGS and JAMES GARNETT. Jr., for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Warren circuit court in a suit filed pursuant to subsection 7 of section 518 of the Civil Code of Practice. The chancellor sustained a demurrer to the petition as amended, and plaintiff declined to plead further. Judgment was entered dismissing the petition, and this appeal followed. The petition as amended alleges that the appellee, Rebecca Evans, in April, 1934, instituted an action against the appellants, Harry Byron and Elizabeth Starks, to recover damages from them by reason of an automobile accident occurring in Warren county on February 9, 1934. Summons was served on appellants, and they say that each of them believed

that the Mercer Casualty Company, which had issued a policy of insurance on the automobile involved in the accident, would defend the action for them, and they did not consider it necessary to give the matter further attention until they should be called on by the insurance company. They alleged that neither of them was guilty of negligence in the operation of the automobile and that the appellee, Rebecca Evans, was guilty of contributory negligence, and that, had they known that the Mercer Casualty Company did not intend to defend the action, they would have employed counsel to defend it. They say that judgment was rendered in favor of appellee against them jointly for $2,500 on October 15, 1934, and that neither of them knew of the rendition of the judgment until after a suit was brought to recover thereon in the latter part of December, 1934. Appellants say that the agent of the insurance company advised them that the Mercer Casualty Company had the matter in charge and was attending to same on their behalf, and that in the event that the claim was not settled before trial they would be notified and called upon at the proper time to appear and defend the action. They further allege that an attorney for the insurance company unsuccessfully conducted negotiations for a settlement of the claim, and that prior to the assignment of the action for trial this attorney was released from the employment of the insurance company, but failed at the time of terminating his employment to advise the insurance company that the cause of action of Rebecca Evans had not been settled or that the action was then pending in the Warren circuit court. Appellants also set out facts showing diligence on their part in proceeding with this suit after discovery of the fact that judgment had gone against them. An answer was filed, without waiving the demurrer, but we have not considered its allegations in passing on the sufficiency of the petition. Yewell v. Bradshaw, 63 Ky. (2 Duv.) 573.

The term of court at which the judgment against them was rendered expired some little time prior to the date when appellants say they first learned of it. It was then too late to make a motion for a new trial, and we may therefore eliminate from consideration whether or not the situation presented by the petition amounted to such accident or surprise as would require the court to grant a new trial on motion. Ap-

pellants are confined to the provision of subsection 7 of section 518 of the Code, and we must determine thereunder if the admitted allegations amount to "unavoidable casualty or misfortune, preventing the party from appearing or defending."

It seems self-evident that "accident or surprise which ordinary prudence could not have guarded against" (Civil Code of Practice, sec. 340, subsec. 3) is a broader provision than "unavoidable casualty or misfortune, preventing the party from appearing or defending" (Civil Code of Practice, sec. 518, subsec 7). Litigation should be ended as expeditiously as its nature permits, and where a judgment has been permitted to become final, it should not be reopened and the questions relitigated except for the gravest of reasons. If this were not true, a successful litigant could never be sure of retaining the fruits of his victory and would be compelled to preserve documents or keep in touch with witnesses long after a definite judicial determination had been secured. Howsoever unfortunate may be the predicament of a litigant who has suffered judgment to go against him, the court cannot lower the bars fixed by the Code provision, and unless the litigant can clear that hurdle we have no right to assist him.

We have consistently held that the mere employment of counsel is not sufficient to excuse a party from giving his personal attention to a case. Douthitt v. Guardian Life Ins. Co., 235 Ky. 328, 31 S. W. (2d) 377. There must be something more than misplaced confidence in a negligent attorney to constitute unavoidable casualty or misfortune for the simple reason that a party is charged with the neglect of his attorney, and the law demands the exercise of due diligence by both in the prosecution or defense of litigation. Cooper v. Douglas, 256 Ky. 787, 77 S. W. (2d) 49; McCommas v. McCawley, 228 Ky. 263, 14 S. W. (2d) 1057; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747. It has been held that illness or some other unforeseen casualty preventing an attorney from defending a case, where his client was entitled to rely on his attention to the matter, was sufficient to bring the case within subsection 7 of section 518 of the Civil Code of Practice. For example, see Cooley v. Barbourville Land & Improvement Company's Assignee, 43 S. W. 464, 19 Ky. Law Rep. 1454; Triplett

52

v. Scott, 68 Ky. (5 Bush) 81. But in all of these cases there was some reasonable excuse which explained the failure of the party or his attorney to appear. In other words, the Code has been interpreted to mean what it says. There must be an unavoidable casualty or misfortune which prevents a party from appearing or defending, and not just a failure to appear or defend without more. In the case at bar the substance of appellants' claim is that they relied entirely on the insurance company, and, having so placed their faith in it, they washed their hands of all responsibility. This may have been entirely proper as between the appellants and the insurance company. That question is not here. Certainly, as between themselves and appellee, appellants exercised no diligence whatever. Appellants employed no attorney, but contented themselves with the statement of the insurance agent that his company would look after the matter. If we assume that the insurance company, as agent for appellants, thereafter employed an attorney, certainly it knew when the employment was terminated, and was then under a duty no less than appellants to exercise some diligence in the presentation of a defense to the action. If we leave appellants out of the picture, and consider the case as though the original action was against the insurance company, and the insurance company was here now seeking to obtain a new trial on the grounds here asserted, it is obvious that the situation would not amount to an unavoidable casualty or misfortune. The insurance company not only had notice of the withdrawal of the attorney employed to defend the case, but the petition indicates that it actually terminated the employment itself. The fact that the attorney failed to advise the insurance company of the existence of the case does not amount to unavoidable casualty or misfortune. Compare Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S. W. 1124; Metropolitan Life Ins. Co. v. Ditto, 207 Ky. 434, 269 S. W. 527. Aside from the uncertainty incident to a rule that included absentmindedness within the category of unavoidable misfortune, such a doctrine would put a premium on carelessness and invite fraud. In the last analysis, the insurance company was but the alter ego of appellants, and they must suffer here for its neglect.

Judgment affirmed.