## Mason et al. v. Lacy et al.

(Decided June 3, 1938.)

22

J. SMITH HAYS for appellants.

RODNEY HAGGARD and M. C. REDWINE for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The motion of appellees to dismiss this appeal because of non-compliance with certain provisions of the Civil Code, passed to the merits of the case, is overruled; the court being of the opinion that since the filing of the motion the appeal has been perfected.

The question presented on merits involves the lower court's ruling on the demurrer to petition filed by appellants, seeking to set aside an adverse judgment of the Clark circuit court, rendered in a suit in which the Home Building and Loan Association was plaintiff, and appellants and John H. Lacy were defendants. This judgment directed the sale of property alleged to have been owned by appellants, and pledged by Lacy to the Association for his debt.

In a petition filed on April 25, 1936, appellants here, husband and wife, alleged that in 1935 the Association instituted suit against Lacy, seeking to collect a balance due on a debt of about $1100.00, and to enforce the sale of certain property pledged to secure the payment of the debt. It was alleged that, along with other parcels of real estate pledged by the Lacys, there was included Lot No. 113, in Lincoln Park Addition to the City of Winchester, claimed to be the property of appellants.

Appellants admit that summons was issued against, and served upon them, on November 21, 1935. Soon thereafter they went to the office of an attorney in Winchester, seeking advice as to what they should do to protect their interests. He advised them to return on another day, and later they did return to his office, whereupon he told them that he had talked to Lacy, a

codefendant, who said that "he was not going to do anything to the plaintiffs, but was going to bid in the property for their benefit and would take care of their interests". Relying upon this information appellants apparently dismissed the matter from their minds.

On December 12, 1935, the petition was taken for confessed, and the property sought to be subjected was directed to be sold for the payment of Lacy's debt. No. 113 Lincoln Park Addition was included. Appellants contracted for the purchase of this house and lot from H. T. Lisle on July 12, 1919. Later the vendor executed joint deed to appellants, at which time they executed two notes of $125.00 for an unpaid balance. At the same time they asked the vendor for a loan of $100.00 for the purpose of repairing the property, but were advised that he could not conveniently make the loan. Shortly thereafter Lacy made them the loan, and also paid the $250.00 balance on the property, and the vendor released his lien.

Later Lacy asked appellants to secure him to the extent of the advancement of $350.00 and they executed a paper which they assert was a mortgage, but which later developed to be a warranty deed. They allege that Lacy represented the document to be a mortgage; that they were ignorant, and did not know or realize the difference between a mortgage and a deed.

They further alleged that upon the execution of the instrument Lacy told them that they should pay him $6.00 per month, he to pay the taxes and insurance, and when they had discharged his debt "the property would be theirs". They assert that they had paid each month the fixed sum, for many months, in fact had paid to an amount of $300.00 more than their original debt to Lacy.

On observation of tendered answer and cross-petition to petition in suit No. 4004, it appears that the allegations of the petition were somewhat strengthened in relation to alleged fraudulent practice on the part of Lacy in obtaining their execution of a deed rather than a mortgage, and that the mortgage thereafter executed by Lacy to the Association was fraudulently made without consideration and for the purpose of allowing the Association to proceed indirectly against appellants. There are also other pleas contained in the tendered answer, counterclaim and cross-petition of appellants,

as, for instance, a plea of champertous act on the part of Lacy; a violation of his agreement through their attorney, to protect their interest; his bidding in of the property at a sale and transferring the bid to his wife, all without notice to, and without knowledge of, appellants, until long thereafter. In the answer, counter-claim and cross-petition (tendered) appellants asked for judgment declaring appellants to be the owners of lot No. 113, an accounting by Lacy and a judgment against him for such sum as they had paid him in excess of his debt of $350.00 with proper interest. In the petition it was sought to annul the judgment in action No. 4004.

At this point we may say that the tendered answer and cross-petition, perhaps, contains sufficient allegations to justify a cause as against Lacy, if same had been embraced in a direct action against him, or had been timely plead in the original action. However, we are persuaded that the approach made in this proceeding seeking to set aside the judgment in favor of the Association was not, according to many of our decisions, the proper procedure. The pleadings may manifest, as claimed, an unconscionable transaction on the part of Lacy, but no sufficient reason is advanced in pleadings, or in brief, why this matter should not have been adjudicated in action No. 4004.

We note in appellants' brief this statement:

"The Home Building and Loan Association had no part in the representations made to appellants. It was innocent of the designs of appellee Lacy, and did only what he asked it to do, for plainly it knew nothing of the alleged mistake, made as an excuse for a change in the mortgage."

The basis for a reversal of the court's judgment in sustaining demurrer to appellants' petition as amended and dismissing same upon declination to plead further, is that the court below should have adjudged appellants' pleadings good, because they showed:

(1) A fraud had been practiced by the successful party in obtaining judgment. Subsection 4, section 518 of the Civil Code of Practice.

(2) Unavoidable casualty or misfortune preventing the party from appearing or defending. Subsection 7, section 518 Civil Code of Practice.

Reading the pleadings closely, we have no difficulty in concluding that the court, in suit No. 4004, had jurisdiction both of the subject matter and the parties. There is no claim here that appellants were not properly before the court. In fact it is admitted that upon being duly served they at once went to an attorney for advice, and "for the purpose of having him defend their rights", in the then pending action. What occurred then and there is recited above, and constitutes the main reason advanced why the judgment should have been set aside under the provision of subsection 7 of section 518 of the Civil Code of Practice.

The other ground, as is observed, is the fraud alleged to have been practiced by Lacy, both being defenses which should have been set up in the original action, had the parties exercised any diligence in protecting their alleged rights.

We shall not endeavor to point out apparent reasons why the plea of fraud is not sufficient, since this would lead us to deal only with technicalities. It will be sufficient to state the broader grounds upon which we have concluded that the court properly sustained demurrer to the petition.

We have held more than once that a fraud which justifies the court in setting aside a judgment must relate to jurisdictional matters, and not to such matters as may be available to a defense. Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. (2d) 1083; Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896.

The fraud, if any was practiced here, was by Lacy; not by the Building Association, nor yet by the attorney to whom the parties appellant went for advice and legal assistance. There is no allegation which can be so read or construed as to intimate the existence of such state of facts. The fraud must be such as prevented the complaining party from making such defense as he has. When a party is served with process, as was the case here, it is incumbent upon him to come forward and interpose the defense of fraud. Ring v. Freeland, 222 Ky. 147, 300 S. W. 341, and cases supra.

That appellants are not entitled to reopen the old case (No. 4004) by vacating the judgment for the reasons set out in all their pleadings combined, seems to us

to be so well settled by decisions of this court that a reference to a few will conclude the question.

The relief provided by the section and subsection 7 of the Code, supra, is not founded alone upon casualty or misfortune, but to be efficacious such must have been "unavoidable". Conceding here that there was casualty or misfortune, when we read the pleadings, we cannot convince ourselves that there is shown unavoidable misfortune. Here the parties, admittedly before the court, chose to rely upon the statement of an attorney as to what another told him would be done to protect appellants' rights. Appellants allege an adverse judgment of the court, order of sale, appraisement and sale, and, it may be assumed, a confirmation of report of sale. Nevertheless they relied on what Lacy had told the attorney and remained silent throughout the entire proceedings. A very slight active movement on their part would have resulted in adjudication of alleged rights.

The casualty or misfortune that will authorize the vacating of a judgment must be "unavoidable". A mere casualty or misfortune is not sufficient. It must be such as could not by the exercise of reasonable skill and diligence have been avoided.

Perhaps the latest case from this court in point is Miller v. Reynolds, 269 Ky. 228, 106 S. W. (2d) 648, which in turn cites with approval other applicable cases, among which is a fittingly pertinent one: Byron v. Evans, 263 Ky. 49, 91 S. W. (2d) 548. This case cites with approval Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Reese Lumber Co. v. Licking C. & L. Co., 156 Ky. 723, 161 S. W. 1124; Metropolitan Life Ins. Co. v. Ditto, 207 Ky. 434, 269 S. W. 527; Cooper v. Douglas, 256 Ky. 787, 77 S. W. (2d) 49; McCommas v. McCawley, 228 Ky. 263, 14 S. W. (2d) 1057; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747. To these may be added: Ray v. Arnett, 106 S. W. 828, 32 Ky. La.# Rep. 562; Cleveland v. Couch, 231 Ky. 332, 21 S. W. (2d) 468; Douthitt v. Ins. Co., 235 Ky. 328, 31 S. W. (2d) 377; Carter v. Miller, 264 Ky. 532, 95 S. W. (2d) 29.

A careful and liberal consideration of appellants' pleadings, viewed in the light of the above mentioned decisions of this court, lead us to the conclusion that the chancellor correctly sustained the demurrer to the petition, hence the judgment below, dismissing the petition upon election to plead no further, is affirmed.