## Jarvis et al. v. Baughman et al.

Feb. 27, 1940.

James M. Gilbert, Judge.

J. L. Williams for appellant.

Wall & Wall for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an independent action brought by the appellants, Canna Creech Jarvis and Warren, Ioma and Celesta Creech, against the appellees, Bessie Baughman et al., to vacate a judgment rendered in an action wherein Bessie Baughman was plaintiff and the appellants and the city of Harlan were defendants, on the ground that the judgment was obtained by fraud.

General demurrers to the petition and petition as amended were in turn sustained and the appellants' amended petition dismissed. They have appealed.

The question presented upon the appeal for our decision involves the propriety of the lower court's ruling

in sustaining the demurrer filed to the petition and petition as amended.

The allegations of the petition are that:

In August, 1938, Bessie Baughman (to whom we will hereinafter refer as appellee) brought suit in the Harlan circuit court against the appellants and the city of Harlan, therein alleging that she and the defendants, Canna Creech Jarvis and Warren, Ioma and Celesta Creech, were respectively the owners of two certain residence properties situated in the city of Harlan, which were separated by an alleged public alleyway, which it was charged the appellant, Canna Creech Jarvis, had wrongfully obstructed by enclosing same with a wire fence, by which the appellee and the public were shut off from using the alley as a passway into and out of her property. Further she alleged that by reason of appellants' wrongful obstruction of the alley and other acts of trespass thereon, she had suffered damages to the extent of $500, and prayed that this strip of land between their properties be adjudged a public alley, for damages caused by the appellants' unlawful obstruction of it and that the city take over its charge and control and maintain it free of obstructions.

The appellants, by counsel, filed answer denying the existence of a public alleyway between the properties of the parties, as alleged by plaintiff, but that said intervening strip of land lay within the boundary of their lot and was a part of same and that they, by reason of their ownership of the said strip, were not guilty of having illegally enclosed it, obstructing the appellee's passway thereover. In short, the answer denied all the material allegations of the petition and made up the issue thereon.

Further, appellants by their petition averred that following the filing of their answer, making up the issue on the pleadings, appellee (in that action plaintiff) and her attorney did upon some three occasions serve notice upon them that they would at the times stated therein take the depositions of appellee's witnesses as proof tending to support her part of the issues joined. They also alleged that they had ample evidence with which to have successfully defended the action against them, but that they had been prevented from introducing it by the

fraudulent acts and agreements of the appellee and her attorney and that by reason thereof they were denied both the opportunity to take the depositions of their witnesses and of being present in person or by attorney upon the occasions when the depositions of appellee's witnesses were taken.

The appellants further alleged that upon the three occasions they were served with notice that appellee would take the depositions of her witnesses on the day named, in the office of her counsel, the first of such instances occurred on February 3, when appellant Canna Creech Jarvis went to the office of appellee's attorney, but that the attorney whom appellants had employed to defend the action against them failed to appear; that being thus left without an attorney, she was given leave to get in touch with him and learn the cause of his failure to appear, when she was told by him that he had withdrawn from the case and that she would have to employ other counsel; that she at once reported this to appellee and her attorney, who thereupon agreed that they would not take any depositions until she could employ another attorney to represent appellants in the taking of their proof.

Appellants further averred that notwithstanding the agreement then had with appellee and her counsel, after she, Canna Creech Jarvis, had left the office and was away from Harlan for the purpose of employing other counsel, appellee took the depositions of her witnesses in that action, of which fact the appellants were left uninformed. They further alleged that upon a second occasion, on February 28, 1939, appellants were served with notice that plaintiff would take their depositions on March 2; that only Canna Creech Jarvis was at this time personally served with notice, that her co-defendants, who were co-owners of the property, were not so served and that she was very anxious that they be present when the appellee's depositions were taken; that she at once went to the appellee and her attorney and told them that the co-defendant, Warren Creech, was not at home and that she would like the taking of the depositions deferred until he could be personally served with notice and be present, when she was told that there was no hurry and that appellee and her attorney would not take the depositions on March 2 and that

therefore neither she nor any of the defendants were present. Appellants also alleged that a third notice was served on March 21 that depositions would be taken on March 22; that again appellant Canna Creech Jarvis went to appellee and her counsel and informed them of their objections to the taking of the depositions at the time given in the notice; that but one of the appellants had been personally served, although she, Canna Creech Jarvis, desired that all of the appellants be both personally served and present at the taking of the proof, as well as be represented by counsel.

Appellants alleged that they were again told that appellee and her counsel would not proceed with the taking of these depositions until the named defendants were personally served, but that, in violation of this agreement and promise, upon which they relied, the depositions were taken without all the appellants being served and without any of the appellants being present or even knowing of the taking of the depositions.

Further it was alleged that the appellee and her attorney, having thus completed the taking of their proof without the knowledge of appellants but in violation of the repeated promises and agreement had with appellee respecting its taking, and knowing that appellants, by reason of the matters stated, had taken no proof whatever in support of their defense, moved the submission of the cause for judgment and that, the cause having been so submitted in March, the court on May 22 following entered a judgment for appellee, establishing a public alleyway between the properties of the parties and awarding her damages for its adjudged obstruction by appellants.

The petition further alleged that following the rendition of this judgment, an execution was procured thereon by appellee, when the appellants, being threatened with its levy on their home, executed a replevin bond.

Thereafter, in October, 1939, the instant suit was filed by appellants, as stated supra, to vacate this judgment alleged to have been procured by fraud or, that is, the artful misrepresentations and broken agreements of appellee and her counsel.

Section 518, Civil Code of Practice, provides that

the court in which a judgment has been rendered shall have the power, after the expiration of the term, to vacate or modify it for fraud practiced by the successful party in obtaining the judgment.

The only question, therefore, here presented is whether or not the facts alleged in the petition, and admitted upon demurrer, are sufficient to show that the judgment, here sought to be vacated, was procured by fraud.

Counsel for appellee argues that the character of fraud must be such as to have prevented the complaining party from making such defense to the action as he had and that when a party is served with process, as was here the case, he is under duty to come forward and interpose the defense of fraud; Mason v. Lacy, 274 Ky. 21, 117 S. W. (2d) 1026; Ring v. Freeland, 222 Ky. 147, 300 S. W. 341; and also that we have frequently held that the fraud which justifies the court in setting aside a judgment must be related to jurisdictional matters and not such matters as may be available to a defense. Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. (2d) 1083; Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896.

While conceding the authority of the cases cited and the rule to be as therein declared, it is yet here to be noticed that very obviously the appellants could not be held to have failed to bring themselves within the operation of these rules, requiring that having been served with summons in the action, they must thereafter come forward and interpose their alleged defense of fraud.

The averment of the petition is that appellants knew nothing of any fraud having been employed to deceive and mislead them by appellee and her attorney in respect to the way and manner in which it is charged they took their proof and also by the same fraudulent means prevented appellants from taking the depositions of their witnesses.

The appellants' petition charged appellee with procuring the judgment they seek to vacate through fraud, consisting of these wrongful and misleading agreements, repeatedly made and had with the appellants for the purpose of reaching the very results therein procured.

Accepting these allegations as true, as we must for the purposes of the demurrer, the appellee can not now

be heard to urge, after these fraudulent methods employed had resulted, as planned and thereby intended, in her procuring a judgment, that the appellants should have earlier acted so as to thwart the successful consummation of the appellee's fraudulent course here pursued in obtaining the judgment.

Accepting the allegations of appellants' petition as true, if the methods and conduct alleged to here have been pursued by appellee did not constitute the procurement of a judgment by fraud, it is difficult to say what character of wrongful acts and conduct we would characterize as fraudulent.

Here the appellants, in their answer in the first suit, alleged that they had a good defense to appellee's claim and action brought against them. They alleged in their petition in the instant suit that they were prevented from presenting their defense by the repeated assurances of appellee and her counsel that they would not take appellee's depositions at the time stated in the notices and that they knew, at the time of making such promises, that they would not be kept, but were given with the design of preventing the appellants from taking the depositions of their witnesses until after appellee had first completed the taking of her proof.

Appellants alleged that by appellee's deception here employed, they were kept in ignorance and prevented from learning that appellee had taken her proof until after same had been completed, the cause submitted and judgment rendered by the court upon the incomplete record and that they did not learn the true facts of the situation until after the issuance and threatened levy of the execution procured by appellee on the judgment.

While appellee contends that the acts and conduct of herself and her counsel were not of the fraudulent nature and character alleged in appellants' petition and that they were not in fact guilty of the misconduct charged, it is yet to be here noted that such wrongful and fraudulent conduct and representations having been in the petition alleged, and the truth of such allegations being admitted upon the demurrer, we are, due to the circumstances under which such contentions are made, not in a position to consider the truth or falsity of the allegations contained in appellants' petition.

Being thus constrained to accept the allegations of plaintiffs' petition as true, when charging the procurement of the judgment sought to be vacated by fraud, it follows that the learned trial court erred in sustaining, rather than overruling, appellee's demurrer to the petition.

The judgment of the lower court is therefore reversed and the cause remanded for proceedings consistent with this opinion.