## WAXLER v. BRYANT.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Ollie James Cohen, Louisville, for appellant.

Edwin O. Davis, Louisville, for appellee.

COMBS, Justice.

This appeal is from a judgment setting aside a default judgment and granting a new trial to the appellee, Edward Bryant, in an action in which he was the defendant and the appellant, Charles Waxler, was the plaintiff.

Waxler filed suit against Bryant on August 7, 1950, to recover for personal injuries and property damage resulting from an automobile accident. Summons was issued to Cumberland County and served on Bryant on August 12, 1950. On September 22, Waxler had the case set at rules,

and Bryant having failed to plead, a motion for judgment pro confesso was filed. On November 17, the motion was sustained and the action assigned to November 29 for assessment of damages. On that date a jury was empaneled and a verdict rendered for Waxler in the sum of $4,350.

On March 8, 1951, Bryant filed this action to set aside the judgment in the first case and for a new trial. No defense being made within the statutory time, Bryant, on April 20, filed motion for judgment on the pleadings and the case was, by order of court, submitted on the motion. Before the court ruled on the motion, Waxler filed a general demurrer to the petition, the filing of the demurrer being duly noted by order of court. On June 29, the court, without passing on the demurrer, set aside the default judgment and granted Bryant a new trial.

We have no choice but to reverse the judgment because of the failure of the trial court to rule on Waxler's demurrer. At the time the judgment was entered, the demurrer to the petition was pending and even if the judgment should be considered as overruling the demurrer, then Waxler was entitled to reasonable time within which to plead further. Civil Code of Practice, section 133.

The reason given by the trial court for granting a new trial is that Waxler, plaintiff in the first case, failed to file the affidavit required by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq. It is admitted that Bryant, the defendant in the first case, was not a member of the armed services and it is tacitly conceded that the reason given by the court for setting aside the default judgment is not sufficient. Royster v. Lederle, 6 Cir., 1942, 128 F.2d 197.

Since there will be further proceedings upon a return of the case to the trial court, we will dispose of Waxler's contention that the demurrer to the petition should be sustained. In addition to the requisite formalities, it is stated in the petition that Bryant's counsel, Mr. Edward J. Hogan, failed to make defense to the first suit through an oversight, caused, at least in part, by the critical illness and resulting

death of his wife; that after entry of the judgment, but before expiration of the 60-day period during which the trial court had control of the judgment, Hogan discussed the case with Mr. Cohen, counsel for Waxler; that Cohen misled Hogan into believing the case had not been placed on the docket for pleading; that Hogan advised Cohen that when the case was placed on the docket for pleading Hogan would file an answer for Bryant; that Cohen at no time advised Hogan that default judgment had already been entered, although Cohen was aware of that fact and knew that Hogan did not know it; that Hogan thereafter attempted to obtain copy of the petition from Cohen and, on January 15, 1951, still within the 60-day period during which the trial court had control of the judgment, Cohen delivered a copy of the petition to Hogan's office without advising him that default judgment had already been taken; that Cohen's actions were calculated to and did deceive Hogan into believing the suit was dormant and had not appeared on the docket for pleading.

We think the petition states a cause of action. The statements of the petition, if true, show a course of conduct by Cohen which amounts to unfair practice. It is true, as pointed out by Cohen in his brief, that there is no charge of unfair practice prior to entry of the default judgment. Even so, if Hogan was lulled into a false sense of security during the 60-day period following entry of the default judgment, he was thereby misled to his prejudice and the prejudice of his client. The trial court had authority during the 60-day period to grant a new trial, assuming the facts were sufficient, under section 340(3) of the Civil Code of Practice for "Accident or surprise which ordinary prudence could not have guarded against." But after the expiration of the 60-day period Hogan's client was relegated to his remedy under section 518 of the Civil Code of Practice. This court has held that a new trial may be granted for less cause under section 340(3) than under section 518. Byron v. Evans, 263 Ky. 49, 91 S.W.2d 548. But even if this were not so, this court will not attempt to draw any hairline distinction and thereby condone unfair practice by an attorney either before or after judgment. An attorney, as an officer of the court, is held to the highest degree of honesty and fair play; and if the misconduct of an attorney results in prejudice to a litigant, be the litigant client or adversary, this court will grant such relief as is available without attempting to classify the misconduct in one category or another.

In fairness to Cohen it should be emphasized that we are not undertaking to say the allegations of the petition are true. We merely hold that the petition states a cause of action.

The judgment is reversed, with directions to the trial court to overrule the general demurrer, and for such other proceedings as are consistent with this opinion.