RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0114-MR

RUBY R. BENNETT                                                                    APPELLANT

v.

APPEAL FROM HARLAN CIRCUIT COURT
HONORABLE KENT HENDRICKSON, JUDGE
ACTION NO. 19-CI-00167

DISCOVER BANK C/O DISCOVER
PRODUCTS, INC.                                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Ruby R. Bennett, *pro se*, appeals from orders granting summary

judgment in favor of Discover Bank C/O Discover Products, Inc. (Discover) and

denying her motion for a new hearing, entered by the Harlan Circuit Court on

November 15, 2019, and December 16, 2020, respectively. After careful review of

the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On May 6, 2019, Discover filed the underlying collection action alleging that Bennett had defaulted on $11,971.33 in credit card debt. Bennett, *pro se*, answered, admitting that Discover had issued her a credit card in 1989, which she regularly used until 2014; however, she denied being in default, claiming instead she was entitled to credit for fraudulent charges which would offset her account balance.

On October 24, 2019, after complying with Bennett's request for production of documents, Discover filed a motion for summary judgment. Discover claimed it had conclusively established: (1) Bennett applied for and used the account at issue; (2) the transactional history of charges and payments applied to the account from 2012 to 2017; (3) Bennett had defaulted on the terms of the account; and (4) the amount due and owing to Discover. Accordingly, Discover argued that no genuine issue of material fact existed and it was entitled to a judgment as a matter of law. Discover submitted the credit application signed by Bennett; account statements from May 2012 through September 2017; an affidavit from Ruby Cordova, a litigation support coordinator, attesting to the accuracy of the account balance in default; and, by reference, the Cardmember Agreement, which was attached to the complaint. Bennett argued that her claim of entitlement to credit for fraudulent charges was an issue of material fact which, if proven,

would preclude Discover's right to relief. The motion came before the court on November 14, 2019. Bennett did not appear, and the court granted Discover's motion by order entered November 15, 2019.

Bennett promptly filed multiple post-judgment motions, including a motion citing CR[1] 55.02 and CR 60.02, seeking to set aside what she characterized as a default judgment. By order entered December 16, 2020, the court, treating the motion as one to vacate summary judgment, denied it and further denied as moot Bennett's remaining motions. This appeal timely followed. We will introduce additional facts as they become relevant.

## ANALYSIS

Bennett asserts the court erred in denying her motion for a new hearing. In support, Bennett states that at the time of the November 14, 2019, hearing, she had been recovering from double pneumonia for two months and, having decided to forgo the cost of representation, the stress and challenge of self-representation had weakened her condition. Events culminated when, instead of taking her prescribed oxygen treatment, Bennett prepared for the hearing throughout the night of November 13, 2019, and most of the following morning, which rendered her too weak to appear at court. As a result, Bennett argues she was unfairly deprived of her opportunity to present the court with pertinent legal

---

[1] Kentucky Rules of Civil Procedure.

authority and, consequently, the court entered a judgment unsupported in fact or law.

CR 59.01 provides that a party may be granted a new trial where, relevantly: the party was prevented from having a fair trial; the court erred in assessing the amount of recovery; the verdict is contrary to law; or the party discovers new material evidence which could not with reasonable diligence have been discovered and produced at trial. Whether to grant or deny a new trial is within the trial court's sound discretion, and its determination is entitled to great deference on appeal. *CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 72 (Ky. 2010). "Even if the trial court finds that one of the grounds [enumerated in CR 59.01] exists, it is not bound in every case to grant a new trial. The issue could be moot, or the grounds may be off-set by other factors." *Id.* Accordingly, we review the trial court's decision for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principals. *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

It has long been held that to merit relief, a party's absence from a proceeding or inability to present evidence must have been unavoidable through the exercise of reasonable skill and diligence. *Mason v. Lacy*, 274 Ky. 21, 117,

S.W.2d 1026 (1938) (decided under the predecessor of CR 59.01, Civ. Code Prac.[2] § 518). Herein, while we are sympathetic to Bennett's hardship, we cannot agree that her absence was unavoidable when, rather than seek a continuance or retain counsel, she engaged in a course of conduct that she acknowledges precluded her from meeting her known health needs. Further, though Bennett claims she was deprived of her right to present a defense, her argument regarding fraudulent charges was fully presented through her response to Discover's motion and was considered by the court prior to its judgment. Thus, Bennett's substantial rights were not affected by her absence from the hearing, and there was no basis to vacate the judgment. CR 61.01. Accordingly, we conclude the court did not abuse its discretion.

Next, Bennett contends the court erred by granting summary judgment where her assertion of fraudulent charges created an issue of material fact as to whether, and to what extent, her account was in default. Bennett's claim revolves around what she has characterized as 28[3] unauthorized charges, totaling $43,019.41, spanning from May 2012 to December 2013 and paid by Discover to the Bresky Law Firm. Bennett asserts that, pursuant to the Fair Credit Billing Act,

---

[2] Civil Code of Practice which was replaced by the enactment of Kentucky Rules of Civil Procedure in 1953.

[3] In her brief, Bennett asserts there were 30 unauthorized charges; however, she concedes that two of the 30 identified were, in fact, authorized.

15 U.S.C.[4] § 1666 (2011), Discover is required to hold her harmless for fraudulent charges exceeding $50 and that her alleged default will be satisfied after a credit for these erroneous charges is applied to the account.[5]  In opposition, Discover argues Bennett waived protection from liability by her failure to provide Discover notice of the alleged unauthorized charges within 60 days of issuance of the account statement, as required by both the Cardmember Agreement and 12 C.F.R.[6] § 226.13 (2010), Truth in Lending (Regulation Z).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56.03.  We review to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to a judgment as a matter of law.  *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).  Because factual findings are not at issue, a grant of summary judgment is reviewed *de novo*.

---

[4]  United States Code.

[5]  Bennett also repeatedly references 31 unauthorized payments, totaling $8,786.00, which she asserts were automatically drafted from her bank account to Discover from November 2014 through June 2017.  However, as Bennett fails to identify how this claim invalidates the judgment, we need not further examine the issue.

[6]  Code of Federal Regulations.

*Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006).

Even accepting as true Bennett's claims of fraud, we agree with Discover that the court did not err. While Bennett argues it was sufficient that she provided Discover notice within 60 days of her actual knowledge of the fraud, this interpretation is contrary to the plain language of 15 U.S.C. § 1666(a) on which she relies, as well as 12 C.F.R. § 226.13(b)(1) and the Cardmember Agreement, all of which require she notify Discover within 60 days of transmission of the statement containing the error. Herein, Bennett clearly did not comply with this requirement where she admits she only became aware of the error after May 2019, more than five years after issuance of the statement containing the most recent disputed charge. As her claim of entitlement to an account credit is meritless, the court properly concluded that there was no issue of material fact and granted summary judgment to Discover.

## CONCLUSION

Therefore, and for the foregoing reasons, the order and judgment of the Harlan Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Ruby R. Bennett, *pro se*
Harlan, Kentucky

BRIEF FOR APPELLEE:

Nicholas K. Rohner
Cincinnati, Ohio